W. B. RICE, Appellant,

v.

NU–RAY ELECTRIC COMPANY, INC.,
et al., Appellees.

No. 17539.

Court of Civil Appeals of Texas,
Fort Worth.

Sept. 20, 1974.

Fillmore, Lambert, Farabee & Purtle, and Glynn R. Purtle, Wichita Falls, for appellant.

Douthitt & Ritter, and Troy Douthitt, Jr., Wichita Falls, for appellee, Nu-Ray Electric Co., Inc.

Robert Ziesenheim, Wichita Falls, for appellee, J. E. Russell.

## OPINION

BREWSTER, Justice.

Nu-Ray Electric Company, Inc., plaintiff, filed this suit on a sworn account against the two defendants, J. E Russell and W. B. Rice.. The trial court granted the plaintiff's motion for summary judgment therein rendering judgment for the plaintiff against' the two defendants, jointly and severally, for $4,414.38. Part of this summary judgment, $1,064.99, was for the recovery of a reasonable attorney's fee as provided for under Art. 2226, Vernon's Ann.Tex.St. This summary judgment also contained the following provision: "It is further ORDERED, . . . that the Motion for Declaratory Judgment filed by the Defendant J. E. RUSSELL for judgment over and against the Defendant W. B. RICE is hereby granted."

This appeal is being made by the defendant, W. B. Rice, from the judgment rendered against him in favor of the plaintiff, Nu-Ray Electric Company, Inc., and from the part of the decree that gave the defendant, Russell, a judgment over against Rice. The defendant, Russell, did not appeal from the judgment rendered against him.

On appeal the defendant, Rice, urges three points of error in which he contends that the trial court erred in granting the summary judgment against him for the plaintiff, and also erred in granting the declaratory judgment against him in favor of defendant, Russell. Rice's contention is that the evidence at the summary judgment hearing did not establish as a matter of law that he was liable to either of those parties and did no more than raise issues as to material facts that had to be determined before his liability to either of those parties was established.

We sustain all three of those points of error.

The following facts are undisputed: the defendant, Rice, owned a building in Wichita County that he had leased to the defendant, Russell; Russell operated a restaurant in that building; while a tenant, Russell contracted with the plaintiff to make repairs to this building and to install some air conditioning equipment therein, and this work was done by plaintiff; Russell got behind in his rent and he and defendant, Rice, the landlord, entered into a written agreement by the terms of which the lease was surrendered and the building turned back over to Rice.

Rice and Russell met to get together on the terms of an agreement by which the lease on the restaurant building would be released. Russell appeared at the meeting with a proposed agreement that had been reduced to writing and it contained the following as paragraph II of the agreement: "SECOND—First Party assumes the balance of indebtedness owed by the Second Party in the amount of $3,194.97 to Nu-Ray Electric Company, Inc., 3140 Ninth Street, Wichita Falls, Texas, for air conditioning equipment, supplies and repairs, and shall hold Second Party blameless for such indebtednss." The first party as referred to therein was Rice, and Russell was "second party".

All of the evidence, even Russell's testimony on deposition, shows that the parties did not execute the agreement at a time

when that quoted provision was contained in it. Before Rice and Russell signed the surrender agreement, they drew lines through the second paragraph thereof which is set out above and Rice wrote at the bottom of the agreement the following in lieu thereof: "Second—First party will make a deal for air conditioner equipment and exhaust fan with Nu-Ray Electric or either give Nu-Ray permission to pick this equipment up and take it back." It was not until after this change was made that the parties executed the written agreement.

A summary judgment could only have been granted herein in favor of the plaintiff and against Rice on the theory that the evidence at the summary judgment hearing showed as a matter of law that Rice had assumed Russell's obligation to plaintiff.

Russell, although he testified on his deposition as above set out, did state in an affidavit that Rice, by executing the agreement, agreed to hold Russell harmless on the amount Russell owed to Nu-Ray Electric Company, Inc. Rice, in his affidavit, stated that he made no such agreement to hold Russell harmless or to assume Russell's debt to plaintiff.

■ It would be well here to restate some of the settled principles of law that govern the question of whether a summary judgment should or should not be granted. At a hearing of a motion for summary judgment all doubts as to whether a cause of action or a defense is established as a matter of law and all doubts as to whether there exists for determination an issue of material fact are resolved against the movant. Caddel v. Caddel, 486 S.W.2d 141 (Amarillo, Tex.Civ.App., 1972, no writ hist.). The party moving for summary judgment must show by competent evidence that there are no material fact issues and that as a matter of law he is entitled to judgment. In reviewing a summary judgment an appellate court must view the evidence in the light most favorable to the party opposing the motion and any doubts

as to the existence of material fact issues are resolved against the one moving for summary judgment. On such a review the appellate court must disregard all conflicts in the evidence and all evidence that tends to support the position of the party opposing the motion is accepted as true. Little v. Buckley, 440 S.W.2d 682 (Dallas, Tex. Civ.App., 1969, no writ hist.). The court will accept as true all evidence of the party opposing the motion which tends to support his position in the case, giving him the benefit of every reasonable inference that can be properly drawn from such evidence in favor of his position. Dudley v. Lawler, 468 S.W.2d 160 (Waco, Tex.Civ.App., 1971, no writ hist.).

■ When these rules are applied to the facts of this case we are convinced and hold that the trial court committed reversible error in rendering a summary judgment in favor of the plaintiff and against the defendant, Rice. We hold that the evidence before the trial court did not conclusively establish as a matter of law that Rice assumed the debt that Russell owed to the plaintiff. Evidence was offered showing that Rice took pains to see that he did not make such an agreement to assume Russell's debt to plaintiff. This is shown by the fact that the parties had stricken from the agreement before they signed it the paragraph providing that Rice would assume Russell's debt to the plaintiff and substituted another provision in its place.

It follows, and we so hold, that the trial court also erred in rendering judgment at the summary judgment hearing granting Russell's motion for a declaratory judgment and giving Russell a judgment over against Rice. That part of the decree could only have been properly granted if the summary judgment evidence had conclusively showed, as a matter of law, that Rice had agreed with Russell to assume his debt to the plaintiff, Nu-Ray.

■ It is also apparent to us that the record made at the summary judgment

hearing did not establish as a matter of law that the $1,064.99 awarded the plaintiff as attorney's fees was a reasonable attorney's fee. A joint and several summary judgment was awarded against both defendants for that sum as an attorney's fee. This award was apparently made on the theory that plaintiff was entitled to the recovery of a reasonable attorney's fee under Art. 2226, V.A.T.S. An issue as to what sum would constitute a reasonable attorney's fee is generally proved up by offering the opinions of various lawyers on the matter. It is now settled that the reasonableness of such a fee is not an issue that can be established as a matter of law at a summary judgment hearing, because the opinions of witnesses relative thereto are not conclusive and only raise a fact issue. See Parr v. Fortson, 457 S.W.2d 137 (Dallas, Tex.Civ.App., 1970, no writ hist.), and New Amsterdam Cas. Co. v. Texas Industries, Inc., 408 S.W.2d 733 (Austin, Tex. Civ.App., 1966, reversed on other grounds in 414 S.W.2d 914).

In this case the record before us does not reveal that there was any evidence of any kind offered on the attorney fee issue at the summary judgment hearing, nor does it reveal that the parties stipulated as to what would constitute a reasonable attorney's fee.

We hold that, for the reasons stated, the court erred in rendering summary judgment against Rice and in favor of plaintiff, giving plaintiff a recovery of $1,064.-99 as a reasonable attorney's fee.

Since there will be further proceedings in this case on its return to the trial court we call attention to the fact that Russell did not file in the trial court a motion for a summary judgment against the defendant, Rice. Even though this fact is true, the trial court in effect awarded Russell a summary judgment against Rice when he rendered, at the hearing of plaintiff's motion for summary judgment, without engaging in a trial of the merits, a further decree to the effect that Russell have judgment over against Rice.

At that time Russell had on file in the case a pleading wherein he sought a declaratory judgment against Rice which would make Rice hold him harmless from paying the debt to plaintiff.

Actions for declaratory relief are controlled by the Declaratory Judgments Act, Art. 2524–1, V.A.T.S. Unless a party seeking a declaratory judgment files a motion for a summary judgment he is not legally entitled to a summary declaratory judgment short of engaging in a trial on the merits of the case and therein proving that he is entitled to the relief he seeks. Here there was no trial on the merits, and even though Russell had filed no motion for a summary judgment as provided for by Rule 166–A, Texas Rules of Civil Procedure, a summary judgment was granted in his favor against Rice.

The law is well settled to the effect that for a person to be entitled to a summary judgment he must strictly comply with Rule 166–A, T.R.C.P. See Note 18 under Rule 166–A in Volume 2 of Vernon's Texas Rules Annotated, for cases so holding.

The judgment in so far as it awards plaintiff a recovery against Rice and in so far as it awards Russell a judgment over against Rice is reversed and remanded.

The costs are taxed equally against the plaintiff and against the defendant, Russell.