Shearn **MOODY, Jr.,** Appellant,

v.

The **MOODY NATIONAL BANK OF GALVESTON** et al., Appellees.

No. 1146.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 23, 1975.

Rehearing Denied May 14, 1975.

Frank G. Newman, Dallas, W. James Kronzer, Jed Robinson, Kronzer, Abraham & Watkins, Houston, for appellant.

Griffith D. Lambdin, Bedford, Lambdin & Schwab, V. W. McLeod, McLeod, Alexander, Powel & Apffel, Preston Shirley, Mills, Shirley, McMicken & Eckel, Galveston, for appellees.

COULSON, Justice.

This is an appeal from a summary judgment entered against the plaintiff, Shearn Moody, Jr. (hereinafter Moody or plaintiff). Moody brought suit seeking a declaratory judgment, or in the alternative, the reformation of certain written instruments.

Moody is named as a beneficiary under the will of Libbie Shearn Moody which was admitted to probate on May 12, 1943.

He was bequeathed during his life time ⅛th of the income of the trust created by the will. The Moody National Bank of Galveston (hereinafter Trustee), a defendant in this suit, was named by the will as trustee over the assets in the Libbie Shearn Moody Trust (hereinafter the Trust).

On September 28, 1959, an agreed judgment was entered by the District Court of Galveston County in the case styled "The Moody National Bank of Galveston v. W. L. Moody, III, et al." That judgment construed and interpreted certain terms and provisions of the last will and testament of Libbie Shearn Moody.

The relevant portions of The Last Will & Testament of Libbie Shearn Moody are as follows:

10. Neither the corpus nor the income from the trust shall be liable for the debts of any beneficiary nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceedings at law or in equity and no beneficiary shall have the power to sell, assign, transfer, encumber or in any manner anticipate his or her or its interest in the trust or the income produced thereby and no beneficiary shall be permitted to appoint any agent or attorney in fact to receive, collect or receipt for any principal or income, except as may be specifically permitted by the Trustee.

The relevant portions of the agreed judgment in the case of The Moody National Bank of Galveston v. W. L. Moody, III, et al., are as follows:

ORDERED, ADJUDGED, DECREED and DECLARED, that the terms and provisions of Paragraph IV, subparagraph 10 of the Last Will and Testament of Libbie Shearn Moody, Deceased, dated August 22, 1942, as relates to the issues involved in this action, mean, and are hereby construed to mean, that although neither cross-plaintiff, Robert Lee Moody, nor any of the other

life income beneficiaries in the Libbie Shearn Moody Trust Estate of their own volition are allowed to sell or assign their respective life estate interests without the consent and specific permission of the Trustee, and although Trustee may in its discretion withhold its consent and specific permission and thereby prevent such sale or assignment, nevertheless, if any of the plaintiffs as life income beneficiaries under the Trust Estate desire to sell or assign all or part of their said life estate interests, and if in the discretion and judgment of the Trustee such sale or assignment ought specifically to be permitted, and by the Trustee it is specifically permitted, then such sale or assignment by that cross-plaintiff as life income beneficiary of all or part of his or her entire life estate interest in the said Trust Estate and the income produced thereby is authorized, permitted and valid within the terms, provisions, intent and purpose of the said subparagraph 10; it is further

ORDERED, ADJUDGED, DECREED and DECLARED that the intent of the Testatrix expressed in Paragraph IV, subparagraph 10 of her said Will dated August 22, 1942, and the actual, lawful and proper meaning thereof is that the phrase, "except as may be specifically permitted by the Trustee", modifies and applies to the provision that "no beneficiary shall have the power to sell, assign, transfer, encumber or in any manner anticipate his or her interest in the Trust or the income produced thereby", so that such a sale or assignment by cross-plaintiff, Robert Lee Moody, or any of the other life income beneficiaries of said Trust Estate of all or part of his or her entire interest in the Trust Estate or the income produced thereby as may specifically be permitted by the Trustee is not prohibited by the provisions of said subparagraph 10, but it is thereby permitted, authorized and approved. It is further

ORDERED, ADJUDGED, DECREED and DECLARED that in the event of sale or assignment by any of the present life income beneficiaries of the Libbie Shearn Moody Trust Estate, said present life income beneficiaries being Mary Moody Northern (¼th), W. L. Moody, IV, (⅟₁₆th), Shearn Moody, Jr., (⅛th), and Robert Lee Moody (⅛th), of all or part of their respective entire life estate interests in the said Trust Estate and the income produced thereby with the consent and specific permission of the Trustee, The Moody National Bank of Galveston, insofar as any provision of the Last Will and Testament of Libbie Shearn Moody, Deceased, dated August 22, 1942, is concerned, said sale or assignment will be, and is hereby decreed and declared to be in all respects valid and authorized by said Will, and thereafter any payments in proper amount made by said Trustee to the purchaser or assignee of said respective life estate interests out of the Trust Estate and the income produced thereby on account of said sale or assignment will be, and are hereby DECREED and DECLARED to be, in all respects, authorized and valid under the terms of said Will, and the Trustee will have, and it is hereby so DECREED and DECLARED, no further liability, obligation or duty as Trustee or otherwise as relates to any of said life income beneficiaries so selling or assigning, to the extent and degree so sold or assigned, on account of said Trust Estate or the income produced thereby . . . . ..

On July 10, 1963, the Moody National Bank of Galveston, as trustee of the trust estate of Libbie Shearn Moody, approved a transfer and assignment made by the plaintiff of an undivided two-fifths (⅖ths) part or interest of his undivided one-eighth life interest in the income of the Trust. The assignment, as set out below, was to the Empire Life Insurance Company of America (hereinafter Empire), an Alabama cor-

poration and a defendant in this case. At the time of the assignment, Moody was the sole voting shareholder of Empire Life Insurance Company. The assignment states in relevant part:

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, SHEARN MOODY, Jr., of the City and County of Galveston, State of Texas, for and in consideration of the sum of TEN DOLLARS ($10.00) cash to me in hand paid by the EMPIRE LIFE INSURANCE COMPANY, a life insurance corporation, duly organized and existing under the laws of the State of Alabama, with its principal offices in Birmingham, Alabama, and its executive offices in Galveston, Texas, and other good and valuable consideration, do hereby grant, sell, transfer, assign and convey into the said EMPIRE LIFE INSURANCE COMPANY an undivided two-fifths (⅖) part or interest in and to the estate of LIBBIE SHEARN MOODY, deceased, given, granted and bequeathed to me under the hereinabove mentioned Last Will and Testament of LIBBIE SHEARN MOODY, deceased, and in and under the construction and interpretation thereof by the hereinabove mentioned judgment of the District Court of Galveston County, Texas, 56th Judicial District, together with all of my right, title, interest, estate or claim in and to such interest therein together with such proportionate portion of the income to be produced thereby, (subject only to the reservation hereinafter contained) and I do hereby fully authorize and empower the said EMPIRE LIFE INSURANCE COMPANY to demand, receive and receipt for any and all payments, distribution or divisions, arising out of the interest conveyed hereby accruing to me thereunder as fully and completely as I might do and for and in my name, place and stead and I do hereby vest in my said assignee full power in its or in my name to ask, demand, sue for, collect, receive, compound and give acquittances for any and all payments, distributions, benefits or interests accruing hereunder . . . .

There is hereby expressly reserved to me all income accrued to said Trust Estate of LIBBIE SHEARN MOODY at any time during my minority and held for and in my name by the Trustee under the provisions of Paragraph IV, subparagraph 8 of said Last Will and Testament of LIBBIE SHEARN MOODY, deceased, and no part of such income or funds shall ever be subject to the terms of this assignment . . . .

Galveston, Texas
July 3, 1963

Receipt is acknowledged of a copy of the above and foregoing transfer and assignment and same is approved by THE MOODY NATIONAL BANK OF GALVESTON in its capacity as Trustee under the estate of LIBBIE SHEARN MOODY, deceased.

THE MOODY NATIONAL BANK OF GALVESTON

By _s/ W. J. Campbell_
Trust Officer

In return for the interest in the Trust which he conveyed, Moody received a debenture in the amount of $221,000. In his petition, Moody alleges that no part of the principal or interest of the debenture has ever been paid to him.

Subsequent to Moody's acquisition of the voting interest of Empire Life Insurance Company, and under his direction, Empire embarked upon a vigorous program of expansion through merger. The course which that program took is documented in the summary judgment evidence. For our purposes, it suffices to note that at no time was the Trust interest which had been conveyed to Empire ever assigned by Empire to any other party. Ultimately, Empire fell into an insolvent position due to the decrease in valuation assigned to the Empire interest in the Libbie Shearn Moody

Trust by the Insurance Department of Alabama.

As a result of the insolvency, the States of Alabama, Texas, Montana, Nebraska, Oklahoma, and Arkansas suspended the operations of Empire Life Insurance Company and proceeded with plans for reinsuring the outstanding Empire insurance policies. The reinsurance plan has been approved by the Circuit Court for the Tenth Judicial District of Alabama. The Court of Civil Appeals for the Third Supreme Judicial District of Texas has held that the Alabama judgment, binding Empire to the reinsurance plan, must be accorded full faith and credit in the courts of the State of Texas. The reinsurance program worked out by the Insurance Commissioners of Alabama, Texas, and Arkansas provides, among other things, that Empire is to transfer and convey to the reinsurer, Protective Life Insurance Company of Birmingham, Alabama, its interest in the Libbie Shearn Moody Trust. It is the proposed assignment of the Trust interest from Empire to Protective Life Insurance Company of Birmingham, Alabama, which is now before this Court.

The plaintiff seeks declaratory relief under the provisions of Vernon's Tex.Rev. Civ.Stat.Ann. art. 2524–1 (1965). He would show that the assignment of July, 1963, gave Empire the right to receive, collect or receipt for two-fifths of Shearn Moody's income from the Trust and that it did not give Empire the right to assign or convey such interest. Alternatively, plaintiff contends that, irrespective of the assignment, Empire stands, at best, in the shoes of the plaintiff under the terms of the will, and that Empire, therefore, cannot assign or convey the interest in the Trust without the consent of the Trustee, the Moody National Bank of Galveston.

The plaintiff's second count seeks a reformation of the assignment of July 10, 1963, under the theory of mutual mistake. The plaintiff contends that it was the intent of the plaintiff and Empire that the assignment of the interest in the Trust was to Empire alone, without any right in Empire to convey said interest to a third party.

The Moody National Bank of Galveston filed an answer stating that it was the trustee of the Libbie Shearn Moody Trust, but, that its only interest in the outcome of the law suit was in such decrees as might affect the Bank's administration of the Trust. The Bank asserted that no action on its part had caused or encouraged the plaintiff to bring the law suit, and asserted its impartiality as between the competing interest of the plaintiff and any other claimant to the disputed interest in the Trust.

The Empire Life Insurance Company, through its Temporary Ancillary Receiver, filed an answer generally denying the plaintiff's assertions and urged that the plaintiff was estopped to deny the unconditional transfer of interest to Empire Life. The alleged estoppel is based upon actions taken and statements made by the plaintiff warranting to the policyholders, shareholders, public, and regulatory agencies of the insurance industry, that the asset in question was the unrestricted property of Empire. Empire further asserted that the plaintiff's causes of action were barred by the four year statute of limitations; that it held clear and free title by virtue of the assignment dated July 10, 1963; and that no permission or consent by the plaintiff or Moody National Bank, as Trustee, is needed to perfect any sale or transfer.

Empire filed a motion for summary judgment. As summary judgment evidence, Empire attached copies of the 1959 judgment interpreting the Last Will and Testament of Libbie Shearn Moody; the 1963 assignment by the plaintiff to Empire; various documents and pleadings made by the plaintiff and referring to Empire's asserted interest in the Trust; and documents from the Circuit Court of the Tenth Judicial District of Alabama ap-

pointing a receiver and approving the reinsurance program above described.

On November 20, 1974, the trial court granted Empire's summary judgment based upon its interpretation of the assignment of July 3, 1963, and the will of Libbie Shearn Moody. The plaintiff has appealed from that judgment.

In reviewing the trial court's summary judgment denying the plaintiff's request for a declaratory judgment, this Court must determine that Empire demonstrated that there were no questions of material fact. Rice v. Nu-Ray Electric Company, Inc., 514 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1974, no writ).

■ The trial court properly found that the action for declaratory judgment involved questions of law alone. The controversy is over the proper construction which is to be given two documents, a will and an assignment. The instruments are complete on their face and unambiguous. Therefore, rendition of a summary judgment was proper in this case. State v. Rubion, 158 Tex. 43, 308 S.W.2d 4 (1957).

The trial judge correctly held that, as a matter of law, the plaintiff assigned and transferred to Empire full and complete title and interest to two-fifths of plaintiff's right to receive during his lifetime an undivided one-eighth of the income from the Libbie Shearn Moody Trust; and that Empire acquired the absolute and unconditional power to transfer, assign, or convey all or any part thereof without the permission of the plaintiff or the Trustee.

■ It is an elementary principle of property law that conditions in restraint of alienation are not favored in the construction of a will. Such conditions are strictly construed to avoid extending the restraint. The conditions will not be implied, but must be stated in unequivocal terms. 96 C.J.S. Wills § 994a.

■ Libbie Shearn Moody's will clearly evidences the testator's intent that the ben-

eficiaries under the Trust established by the will, be restricted in their ability to assign their trust interest. In order for a named beneficiary to assign an interest, the permission of the Trustee must be obtained. That restriction was obviously intended to protect the beneficiaries. However, no specified testamentary purpose would be served by carrying over that restriction to a beneficiary's assignee. Once a valid assignment (one approved by the Trustee) had been made, the effects of the restrictive provisions on the interest assigned were exhausted.

The assignment made by the plaintiff to Empire purported to transfer all of the plaintiff's "right, title, interest, estate or claim to such interest" in two-fifths of the plaintiff's life estate in one-eighth of the income from the Libbie Shearn Moody Trust. The plaintiff contends that the assignment to Empire did not include the unrestricted right in Empire to alienate the property. This is argued on two grounds.

The plaintiff's first contention is that the assignment did not transfer an unrestricted right of alienation because the plaintiff had no such right to transfer. The basis for this argument is the principle that a grantor can convey only so much interest in property as he himself has. The plaintiff argues that because his power to alienate the asset was restricted, then that of the assignee must also be restricted. However, that argument assumes that the restrictions on the plaintiff's power of alienation affected the plaintiff's title to the interest. That is not the case. The restrictions contained in the Libbie Shearn Moody will were personal to the plaintiff. They were designed to protect the plaintiff and affected his enjoyment of his life estate. However, upon meeting the requirement that the Trustee approve any transferral, the plaintiff had the power to completely convey his interest in the Trust or any portion thereof. The restriction on alienation was not such as would run with title to the asset. Billington v. Riffe, 492

S.W.2d 343 (Tex.Civ.App.—Amarillo 1973, no writ).

■ The plaintiff's second contention is that, even if he could have granted Empire the power to convey the interest in the trust, the language used in the assignment did not grant such power. The assignment conveys "into the said EMPIRE LIFE INSURANCE COMPANY an undivided two fifths (⅖) part or interest in and to the estate of LIBBIE SHEARN MOODY . . . ." Nowhere in the assignment are the heirs or assigns of the Empire Life Insurance Company included in the grant. At common law the use of words of inheritance such as "heirs and assigns" was essential in the conveyance of a fee simple estate to a natural person. However, even under the strictures of the common law, such was not the case in conveyances to corporations. 26 C.J.S. Deeds § 109 a.

■■ The severe effects of these common law doctrines have been remedied by statute. Tex.Rev.Civ.Stat.Ann. art. 1291 (1962) requires that any limitations upon an estate in land must be expressly made rather than implied from the presence or absence of common law formulas. The statute applies only to estates in land, but it expresses the public policy of the State of Texas with respect to conveyances of this nature as well. The absence of words of inheritance in this case did not preclude the assignee from assigning the interest in the Trust.

As a part of its judgment the trial court generally denied all relief sought by the plaintiff. With that denial of relief the trial judge refused the plaintiff's petition seeking reformation of the assignment.

■ The trial court properly concluded that the plaintiff should be denied a reformation of the assignment as a matter of law. Such a reformation would defeat the purposes and policies of the State of Texas as embodied in the insurance laws of this State.

In this case, the Empire Life Insurance Company has been involuntarily placed in the hands of a receiver. The right to receive ⅖ths of the ⅛th share of Shearn Moody, Jr. to the income from the Libbie Shearn Moody Trust during his life time has always been considered the absolute property of Empire regardless of the right to assign that interest. That right to the income has been used by the plaintiff and by Empire to obtain the right to legally operate as an insurance company in the States of Alabama and Texas. This is evidenced by the 1964 annual financial statement of Empire Life Insurance Company which states:

Shearn Moody, Jr., President, . . . being duly sworn . . . deposes and says . . . that on the thirty-first day of December last, all of the herein described assets were the absolute property of the said insurer free and clear from any liens or claims thereon, except as herein stated . . . .

/s/ Shearn Moody, Jr.
President.

Among the assets listed as the absolute and unencumbered property of Empire is the "Moody trust life interest" which is valued at $5,813,440.

Vernon's Tex.Ins.Code Ann. art. 21.28, § 2(g) (1963) states that: "The receiver may, subject to the approval of the court, (1) sell or otherwise dispose of the real and personal property, or any part thereof, of an insurer against whom a proceeding has been brought under this Article . . . ." Although the insolvency proceedings against Empire originated in Alabama, we are to give those proceedings full faith and credit in Texas. Under the laws of this State regulating insurance companies, the receiver has the power to sell or dispose of the assets of the insolvent insurer. Any reformation of the assignment between these parties would be irrelevant and against public policy when considered in the light of their present status. They

have represented to the regulatory agencies of these states that the "Moody trust life interest" stood available to make good the debts of the Empire Life Insurance Company. The parties now cannot attempt to undo that representation by reformation.

The plaintiff has applied to this Court for a writ of injunction to preserve 'the status quo pending the outcome of this litigation. Because of our holding in the principal case that application has become moot.

Affirmed and application for writ of injunction denied.

CURTISS BROWN, J., not participating.