**Francis V. HURT, Appellant,**

v.

**William D. BAYS, Appellee.**

No. 12388.

Court of Civil Appeals of Texas, Austin.

May 12, 1976.

Rehearing Denied June 1, 1976.

Robert Everett L. Looney, Austin, for appellant.

Keith E. Kisner, Law Offices of M. N. Garcia, Austin, for appellee.

O'QUINN, Justice.

William D. Bays, an attorney, sued his client, Francis V. Hurt, for attorney's fees in the sum of $450 on November 8, 1974, fifteen days after being employed to obtain Hurt's release from the Austin State Hospi-tal, where he had been involuntarily com-mitted. Meanwhile Hurt had been trans-ferred from the state hospital to Shoal Creek Hospital in Austin through efforts of another attorney employed by Hurt's wife. Bays had Hurt served with process while the client remained a patient in Shoal Creek Hospital.

Hurt employed counsel who filed an an-swer in which a general denial was pleaded. About six months later, in May of 1975, Bays, through his attorney sought a sum-mary judgment, which the trial court en-tered on May 13, awarding Bays $453 on his claim for attorney's fees, together with $300 as fees for the attorney who represent-ed Bays in the action.

Upon expiration of thirty days after judgment, Bays caused "Interrogatories in Aid of Judgment" to be served by mail on Hurt's attorney, in June of 1975.

Thereafter Hurt perfected writ of error to this Court and brings two points of error.

■ Under the first point Hurt urges error in granting summary judgment ". . . as the record demonstrated the existence of a material fact issue concerning proper no-tice under Rule 21a, Tex.Rules of Civ.Pro., of the hearing for summary judgment be-ing served on Mr. Hurt." Hurt argues that since under Rule 166A(c) a motion for sum-mary judgment must be served on the par-ty against whom a claim is made "at least ten days before the time specified for the hearing," judgment was entered improperly in this case because adequate notice as pre-scribed by Rule 21a was not given.

The certificate of service filed in the record asserts that ". . . a true and correct copy of the Plaintiff's Motion for Summary Judgment was . . . served upon Robert Everett L. Looney, attorney for Defendant, at the First National Life Building, # 4, 702 Colorado Street, Austin, Texas 78701, by first class, certified, return receipt requested, postage prepaid mail."

Hurt insists that the certificate fails to show adequate service for failure ". . . to certify that the address to which the copy was sent was the '. . . last

known address,' and in fact it was not at that time the address of Mr. Hurt's attorney, Robert Everett L. Looney."

■ The point of error is overruled. Rule 21a provides for a presumption of service: "A written statement by an attorney of record . . . showing service of a notice shall be prima facie evidence of the fact of service." Although the Rule requires that notice be mailed to the last known address, it does not require that the certificate state that the address was in fact the last known. The Rule further permits the party to be served to offer proof that the notice was not received. Hurt by unsworn motion to set aside the judgment alleged that the attorney failed to receive the notice, but the motion was not supported by affidavit or other proof of the claim.

■ It further appears from the record that by sworn pleadings Bays amended his original petition and under Rule 185 converted his suit into one on sworn account. Hurt failed to file a verified denial in lieu of his original answer which set up only a general denial. Even with proper notice of the summary judgment hearing, Hurt would have been unable to dispute receipt of the services of Bays or correctness of the charges stated. 2 McDonald, Texas Civil Practice, 7.31(f) (Rev.1970).

■ Under the second point of error Hurt contends that the affidavit of Bays' attorney, in support of the motion for summary judgment, that the sum of $300, "as prayed for by the Plaintiff in this cause, is a reasonable attorney's fee," failed as proof to support the judgment for that sum. We agree and sustain the point of error.

Bays alleged that he presented his claim to Hurt thirty days prior to hearing on this action, but no proof of presentment was made at the hearing as a basis for claim for attorney's fees. The only evidence offered at the hearing, in support of claim for attorney's fees, was the affidavit of counsel for Bays that in his opinion a fee of $300 was reasonable. No proof was made as to the basis for the fee, whether contingent or non-contingent, in order to enable the trial court to determine reasonableness of the fee.

The trial court erred in awarding attorney's fees in the summary judgment. *Stafford v. Brennan,* 498 S.W.2d 703, 707 (Tex. Civ.App. Corpus Christi 1973, no writ); *Goodman v. Art Reproductions Corporation,* 502 S.W.2d 592, 594 (Tex.Civ.App. Dallas 1973, writ ref. n. r. e.); *Audiomedia, Inc. v. Rollins Outdoor Advertising, Inc.,* 477 S.W.2d 370, 375 (Tex.Civ.App. San Antonio 1972, writ ref. n. r. e.); *Lindley v. Smith,* 524 S.W.2d 520 (Tex.Civ.App. Corpus Christi 1975, no writ). The affidavit of counsel for Bays did not establish reasonableness of the fee. At most it merely raised an issue of fact, and the issue may not be established as a matter of law in a summary judgment hearing. *Rice v. Nu-ray Electric Company, Inc.,* 514 S.W.2d 86, 89 (Tex. Civ.App. Fort Worth 1974, no writ).

The judgment of the trial court, insofar as it awarded Bays recovery of his fee in the amount of $453, is affirmed; that part of the judgment awarding recovery of $300 for attorney's fees by reason of Bays' employment of counsel to represent him in this action, is reversed. The cause is remanded for further proceedings.

Affirmed in Part and in Part Reversed and Remanded.