Steve BOONE, Daniel E. Boone
and Lowell Leroy Lasalle,
Appellants,

v.

AMERICAN FEDERAL BANK,
F.S.B., Appellee.

No. 12–92–00355–CV.

Court of Appeals of Texas,
Tyler.

Aug. 12, 1993.

Rehearing Denied Oct. 13, 1993.

Danny Buck Davidson, Carthage, for appellants.

James I. Calk, Longview, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is an appeal from a summary judgment against the guarantors in a suit on a guaranty agreement. We will affirm the judgment.

The original promissory note was made by The Park Highlands, Inc., d/b/a Bridgepark Development Co., on June 2, 1986 and delivered to Longview Savings and Loan Association, the predecessor in interest of the Appellee American Federal Bank. The three Appellants executed guaranty agreements on the same day promising to pay the indebtedness in the event of default by the borrower, Park Highlands. The note was renewed and extended on two occasions. Park Highlands defaulted in the payment of the note on June 2, 1989. However, Appellants executed an extension of their guaranty agreement on January 1, 1991. The indebtedness remained unpaid. Approximately one year later, on January 10, 1992, the Bank sued the guarantors for the principal, interest, money advanced for taxes on the property securing the note, and ten percent (10%) attorney's fees as provided by the note. Park Highlands was not joined as a defendant because it had already filed for protection under the Bankruptcy Code.

Appellants answered with a general denial and alleged that, at the inception of the note, Park Highlands' president had agreed with the vice-president of the Bank that the note was to be renewed after three years with quarterly payments. Appellants alleged that since the Bank failed to honor the agreement, Park Highlands could not obtain partial releases on the real estate securing the note. Because Park Highlands could not give a clear title to buyers, it could not sell the land as contemplated and its default resulted.

The Bank moved for summary judgment on August 19, 1992. The trial court set the summary judgment hearing for September 18, 1992. Appellants filed a counterclaim against the bank on September 10 asserting no affirmative defenses, but stating several distinct tort causes of action against the bank arising out of the loan transaction, including breach of an implied covenant of good faith and fair dealing and negligent misrepresen-

tation. On September 16, 1992, two days before the scheduled summary judgment hearing, Appellants filed their response to the Bank's summary judgment motion. No leave of court was requested and none was granted. The court ordered the Appellants' response stricken as untimely. The trial court then granted the Bank's motion for summary judgment. The trial court granted the Bank's motion to sever the Appellants' counterclaim on October 9, 1992.

In a single point of error, the Appellants contend "[t]he trial court erred in granting Appellee's motion for summary judgment because the parties pleadings amply raised a material fact question for the jury." Appellants argue that the facts alleged in their verified counterclaim raise fact issues and preclude summary judgment.

■ Pleadings, even if sworn, do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The existence of material fact issues must be shown by the summary judgment proof. Similarly, summary judgment proof must be offered in support of an affirmative defense. The mere pleading of an affirmative defense will not prevent summary judgment. *Taylor v. Fred Clark Felt Company,* 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

The party opposing a motion for summary judgment must file its response no later than seven days prior to the hearing. TEX. R.CIV.P. 166a(c). Late filing of the response may be allowed with leave of court. *Id.* Appellants neither sought nor obtained leave of court. Their response was stricken, and therefore not considered by the judge. Appellants do not complain of the trial court's action in striking their response. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX.R.CIV.P. 166a(c).

■ In the absence of a response, "the only issue before the appellate court is whether the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment." *Fisher v. Capp,* 597 S.W.2d 393, 397 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). Therefore, even if the allegations in Appellants' pleadings show a reason sufficient to defeat the summary judgment motion, in the absence of a response raising such reasons, these matters may not be raised for the first time on appeal. *State Bd. of Ins. v. Westland Film Indust.,* 705 S.W.2d 695, 696 (Tex.1986). In *Combs v. Fantastic Homes,* 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), Judge Guittard wrote:

> [A] summary judgment cannot be attacked on appeal on a question not presented to the trial court, either as a specific ground stated in the motion or as a fact issue presented by the opposing party in a written answer or other response. Accordingly, we hold that the opposing party, without filing an answer or other response, may raise for consideration on appeal the insufficiency of the summary judgment proof to support the specific grounds stated in the motion, but that he may not, in the absence of such an answer or other response, raise any other 'genuine issue of material fact' as ground for reversal. In other words, the opposing party may challenge the grounds asserted by the movant, but he may not assert the existence of 'issues' not presented to the trial court by either party.

*Id.,* 584 S.W.2d at 343.

■ Appellants also argue under this point that the court's award of attorney's fees in the summary judgment was error, because the reasonableness of attorney's fees cannot be established as a matter of law. The decision in *Rice v. Nu–Ray Elec. Co., Inc.,* 514 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1974, no writ), the case relied upon by Appellants, antedates the 1978 amendment to Rule 166a(c). Since the 1978 changes, the testimony of an interested witness or expert witness can provide a basis for summary judgment. *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986); TEX.R.CIV.P. 166a(c).

■ When a promissory note provides for a stipulated percentage of the unpaid balance as attorney's fees, proof of the rea-

sonableness of the fixed percentage fee is not required in the absence of summary judgment proof that the amount is unreasonable. *Kuper v. Schmidt,* 161 Tex. 189, 191–92, 338 S.W.2d 948, 950 (1960). When the promissory note provides for reasonable attorney's fees, summary judgment for attorney's fees is proper upon an attorney's affidavit attesting to the reasonableness of the fee. *Sunbelt Const. Corp. v. S & D Mechanical,* 668 S.W.2d 415, 418 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). *See also* David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 20 St. Mary's L.J. 243, 288 (1989). Appellants offered no summary judgment evidence that the percentage stipulated in the note was unreasonable. *See Houston Furniture Distribution, Inc. v. Bank of Woodlake,* 562 S.W.2d 880, 884 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). The Bank's summary judgment evidence included the affidavit of its attorney regarding the basis and the reasonableness of the fees sought. This was sufficient to support summary judgment for the attorney's fees awarded in the judgment.

Summary judgment may be granted only if the summary judgment record establishes the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985). In deciding whether or not there is a disputed material fact issue preventing summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Id.*

Appellants presented no summary judgment evidence. Pleadings do not raise fact issues unless supported by summary judgment proof. Appellants have pointed to nothing demonstrating that the proof or the grounds expressly presented to the trial court by the Bank are insufficient as a matter of law to support summary judgment. They have not pointed out any defect in the Bank's summary judgment evidence that would defeat summary judgment. We have examined the Bank's summary judgment evidence and we conclude that it demonstrates the absence of any genuine issue of material fact and that the Bank is entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.