TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00535-CV







L. W., Appellant




v.




L. S., Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-0598, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







 Appellant L.W. and appellee L.S. are neighbors. L.W. claims that L.S. sexually abused
her over a thirty-year period, beginning when she was twenty-one years old. In 1987, at the age of fifty-one, L.W. began counseling. She claims that, due to the counseling, she eventually became assertive
enough to bring suit. Also in 1987, L.W. was advised that she had genital herpes, a sexually transmitted
disease. She states that she informed L.S. of the diagnosis at that time and he never touched her again.

 L.S. disputes L.W.'s account. He states that her claims of sexual abuse are false. Further,
he points out that L.W., in her deposition, admits that she was sexually abused as a child by both her
stepfather and her brother. L.W.'s deposition testimony shows that she does not know whether her
stepfather, brother, or former husband had the herpes virus.

 L.W. filed suit against L.S. in 1994 for injuries arising from the alleged transmission of the
herpes virus. L.S. moved for summary judgment on two bases: (1) that he did not have the disease and
so could not transmit it, and (2) that limitations had run. The trial court granted a summary judgment in
L.S.'s favor, which L.W. challenges. We will affirm the trial-court judgment.


Standard of Review

 A movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In
deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take
as true all evidence favoring the nonmovant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
549 (Tex. 1985); Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). Every reasonable
inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in
its favor. Nixon, 690 S.W.2d at 549; Montgomery, 669 S.W.2d at 311.

 A defendant moving for summary judgment has the burden to establish by competent
summary judgment proof, as a matter of law, that there is no genuine issue of material fact as to at least one
essential element of the plaintiff's cause of action. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 474
(Tex. 1995).

ANALYSIS
 

 By three points of error, L.W. argues that the trial court erred in granting summary
judgment in L.S.'s favor on the basis of either causation or the statute of limitations.


Causation

 L.S. supported his motion for summary judgment with the affidavit of Barry Hafkind, M.D. 
Dr. Hafkind averred that he had examined L.S. and concluded beyond a doubt that L.S. did not have and
has never had herpes and therefore could not transmit the disease to another person. L.W. did not submit
an opposing affidavit from a medical doctor. Instead, she simply averred that she had contracted herpes
from L.S.

 L.S. argues that she was not required to present an affidavit from a medical expert to
dispute L.W.'s contention about causation because her suit was not one for medical malpractice. She
contends that her statement that she had contracted herpes from L.S. is sufficient to raise a fact issue
precluding summary judgment. We disagree.

 Before 1978, the affidavit of an interested or expert witness was not sufficient to prove or
disprove an element of a cause of action as a matter of law. But the purpose of the 1978 amendment to
Texas Rule of Civil Procedure 166a was to allow a party to obtain a summary judgment based on an
appropriate affidavit of an interested or expert witnesses. See Boone v. American Fed. Bank, C.S.B.,
864 S.W.2d 582, 584 (Tex. App.--Tyler 1993, no writ). Texas Rule of Civil Procedure 166a now
provides that a "summary judgment may be based on uncontroverted testimonial evidence of . . . an expert
witness as to subject matter concerning which the trier of fact must be guided solely by the opinion
testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a. On
its face, the rule does not limit its applicability to medical malpractice cases, nor has it been applied in that
context exclusively. See Boone, 864 S.W.2d at 584 (expert testimony regarding attorney's fees).

 If an expert witness presents legally sufficient evidence to support a motion for summary
judgment, the nonmovant must produce expert testimony to controvert it. Anderson v. Snider, 808
S.W.2d 54, 55 (Tex. 1991). To prevail at trial, L.W. must prove that L.S. caused the injury of which she
complains. Medical causation is an appropriate matter for expert opinion in a suit for damages arising from
the transmission of a disease. Dr. Hafkind's affidavit was sufficient to disprove causation; L.W. did not
meet her burden to produce a controverting expert's affidavit in response. We conclude that the trial court
could have granted a summary judgment in L.S.'s favor on the basis that L.S. conclusively disproved the
element of causation.


Statute of Limitations

 Texas Civil Practice and Remedies Code section 16.003 provides that a person must bring
suit for personal injury no later than two years after the day the cause of action accrues. Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a) (West Supp. 1997). L.W. claims that the appropriate statute of
limitations in this cause is Texas Civil Practice & Remedies section 16.0045, which provides that a person
must bring suit for personal injury no later than five years after the date the cause of action accrues if the
injury arose from a sexual assault. Tex. Civ. Prac. & Rem. Code Ann. § 16.0045 (West Supp. 1997). 
L.S. contends that L.W.'s suit is time-barred, regardless which statute applies. We agree. 

 The period of limitations starts to run when a cause of action accrues. A cause of action
generally accrues when the wrongful act effects an injury, regardless of when the plaintiff learned of such
injury. Robinson v. Weaver, 550 S.W.2d 18, 19 (Tex. 1977). The discovery rule is a narrow exception
to the general rule of accrual. Weaver v. Witt, 561 S.W.2d 792, 794 (Tex. 1977). The discovery rule
exception tolls the running of the period of limitations until the time the plaintiff discovers, or through the
exercise of reasonable care and diligence should have discovered, the nature of his injury. Id. at 793-94.

 When a defendant moves for summary judgment on the basis of limitations, and the plaintiff
counters by asserting the discovery rule, the defendant bears the burden of proving as a matter of law that
the discovery rule does not render the plaintiff's claims timely. Woods v. William M. Mercer, Inc., 769
S.W.2d 515, 518 n. 2 (Tex.1988); Allen v. City of Midlothian, 927 S.W.2d 316, 320
(Tex.App.--Waco 1996, no writ).

 The parties dispute whether the discovery rule applies to this case. The discovery rule does
not apply to all claims. In fact, the supreme court has noted that the discovery rule is "a very limited
exception to statutes of limitations." Computer Assocs. Int'l v. Altai, 918 S.W.2d 453, 455 (Tex. 1994). 
Generally, the discovery rule is applied to cases in which: (1) the nature of the injury incurred is inherently
undiscoverable, and (2) the evidence of the injury is objectively verifiable. S.V. v. R.V., 933 S.W.2d 1,
6-7 (Tex. 1996); Altai, 918 S.W.2d at 456.

 To be "inherently undiscoverable," an injury need not be absolutely impossible to discover. 
Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover an injury within
the prescribed period of limitations; discovery of a particular injury depends not solely on the nature of the
injury but also on the circumstances in which it occurred and plaintiff's diligence. An injury is inherently
undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite
due diligence. S.V., 933 S.W.2d at 6-7.

 The issue is whether L.W. had enough information to put her on notice of a claim for
damages from L.S. Haussecker v. Childs, 935 S.W.2d 930, 936 (Tex. App.--El Paso 1996, writ
requested); Sowell v. Dresser Indus., Inc., 866 S.W.2d 803, 806-08 (Tex. App.--Beaumont 1993, writ
denied). A medical diagnosis is sufficient but not necessary to begin the limitations period running for claims
arising from the transmission or development of a disease. Martinez v. Humble Sand & Gravel, Inc., 940
S.W.2d 139, 145 (Tex. App.--El Paso 1996, writ requested).

 L.W.'s deposition shows that she had symptoms that caused her to seek medical care in
1987, and that her gynecologist diagnosed her with herpes. L.W. states in her affidavit, "I discovered that
I was suffering from infectious herpes in 1987." She states that she informed L.S. of the diagnosis at that
time, and that L.S. did not touch her afterward. L.W. filed suit in 1994. We hold that the discovery rule
cannot be applied in this case because L.W.'s injury was not "inherently undiscoverable." In fact, the injury
was actually discovered in 1987. Cf. Nichols v. Smith, 507 S.W.2d 518, 519 (Tex. 1974) (cause of
action accrued when doctor told patient nerve had been severed).

 L.W. claims that the limitations period did not begin to run in 1987 because her family
physician told her that she had shingles in 1988. (1) She stated that she believed the second diagnosis until
1994, when her gynecologist reaffirmed the diagnosis of herpes. L.W. cites no authority, nor can we find
any, that the discovery of an injury, once received, can be negated by information later received from an
unrelated third party. Even in cases holding that the statute of limitations is tolled if an injury is fraudulently
concealed, or that the defendant is estopped from asserting the statute of limitations because it misled the
plaintiff, the defendant or its agent must be the party fraudulently withholding or misstating information. See,
e.g., Vaughn v. Sturm-Hughes, 937 S.W.2d 106, 108 (Tex. App.--Fort Worth 1996, writ requested);
Cook v. Smith, 673 S.W.2d 232, 235 (Tex. App.--Dallas 1984, writ ref'd n.r.e.). At best, L.W. knew
that she had conflicting diagnoses and should have exercised diligence to resolve the two. Her decision to
ignore the first in favor of the second does not mean that she did not have the information that she needed
to give her notice of her injury.We conclude that the trial court could have granted summary judgment in
favor of L.S. on the ground that the period of limitations had expired.

 Because the trial court could have granted summary judgment on either ground of causation
or limitations, we overrule points of error one, two, and three.

 By point of error four, L.W. complains that the trial court erred in overruling her motion
for new trial. L.W.'s motion for new trial merely re-urged her argument that summary judgment was
improper. Because we have held the trial court properly granted summary judgment, we also overrule
point of error four.


CONCLUSION


 We hold that summary judgment was proper and affirm the trial court's judgment.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 16, 1997

Do Not Publish

1. L.W.'s affidavit stated that her family doctor diagnosed her with shingles in 1988; however, in her
deposition, she testified that he diagnosed her with shingles in 1990. If she received the second diagnosis
in 1990, the original two-year limitations period would already have run. We note the line of cases holding
that an amendment extending the limitations period is not applicable to a cause if the original limitation
period expired before the date of the amendment. See, e.g., Smith v. Kirkwood & Hunter Elec. Co.,
Inc., 635 S.W.2d 171, 172 (Tex.App.--Houston [1st Dist.] 1982, no writ). However, since we resolve
any uncertainty in L.W.'s favor, Nixon, 690 S.W.2d at 549, we will take as true her statement that she
received the second diagnosis in 1988.


t of a disease. Martinez v. Humble Sand & Gravel, Inc., 940
S.W.2d 139, 145 (Tex. App.--El Paso 1996, writ requested).

 L.W.'s deposition shows that she had symptoms that caused her to seek medical care in
1987, and that her gynecologist diagnosed her with herpes. L.W. states in her affidavit, "I discovered that
I was suffering from infectious herpes in 1987." She states that she informed L.S. of the diagnosis at that
time, and that L.S. did not touch her afterward. L.W. filed suit in 1994. We hold that the discovery rule
cannot be applied in this case because L.W.'s injury was not "inherently undiscoverable." In fact, the injury
was actually discovered in 1987. Cf. Nichols v. Smith, 507 S.W.2d 518, 519 (Tex. 1974) (cause of
action accrued when doctor told patient nerve had been severed).

 L.W. claims that the limitations period did not begin to run in 1987 because her family
physician told her that she had shingles in 1988. (1) She stated that she believed the second diagnosis until
1994, when her gynecologist reaffirmed the diagnosis of herpes. L.W. cites no authority, nor can we find
any, that the discovery of an injury, once received, can be negated by information later received from an
unrelated third party. Even in cases holding that the statute of limitations is tolled if an injury is fraudulently
concealed, or that the defendant is estopped from asserting the statute of limitations because it misled the
plaintiff, the defendant or its agent must be the party fraudulently withholding or misstating information. See,
e.g., Vaughn v. Sturm-Hughes, 937 S.W.2d 106, 108 (Tex. App.--Fort Worth 1996, writ requested);
Cook v. Smith, 673 S.W.2d 232, 235 (Tex. App.--Dallas 1984, writ ref'd n.r.e.). At best, L.W. knew
that she had conflicting diagnoses and should have exercised diligence to resolve the two. Her decision to
ignore the first in favor of the second does not mean that she did not have the information that she needed
to give her notice of her injury.We conclude that the trial court could have granted summary judgment in
favor of L.S. on the ground that the period of limitations had expired.

 Because the trial court could have granted summary judgment on either ground of causation
or limitations, we overrule points of error one, two, and three.

 By point of error four, L.W. complains that the trial court erred in overruling her motion
for new trial. L.W.'s motion for new trial merely re-urged her argument that summary judgment was
improper. Because we have held the trial court properly granted summary judgment, we also overrule
point of error four.


CONCLUSION


 We hold that summary judgment was proper and affirm the trial court's judgment.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 16, 1997

Do Not Publish

1. L.W.'s affidavit stated that her family doctor diagnosed her with shingles in 1988; however, in her
deposition, she testified that he diagnosed her with shingles in 1990.