**Raymond Burly COMBS et al.,
Appellants,**

v.

**FANTASTIC HOMES, INC., Appellee.**

**No. 19839.**

Court of Civil Appeals of Texas,
Dallas.

June 14, 1979.

Rehearing Denied July 11, 1979.

Ted B. Lyon, Jr., Mesquite, for appellants.

Molly Steele, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

In this suit for treble damages under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code §§ 17.46 and 17.50 (Vernon Supp.1978), defendant's motion for summary judgment was granted on the ground that plaintiffs' own testimony by deposition showed that any representations to plaintiffs by defendant's agents were not made with intent to deceive. The principal question before us is whether in view of the 1978 amendment to Rule 166–A(c) of the Texas Rules of Civil Procedure, plaintiffs' failure to file any answer or other response to the motion in the trial court precludes our consideration of the question of sufficiency of the summary-judgment proof to support the judgment. We hold that under the amended rule we may consider the sufficiency of the proof to support the specific grounds of summary judgment stated in defendant's motion, but may not consider plaintiffs' contention that the summary-judgment proof raises other fact issues not pointed out to the trial court. On review of the depositions, we conclude that plaintiffs' testimony does not conclusively negate defendant's intent to deceive. Consequently, we reverse and remand.

The petition alleges that plaintiffs bought new homes from defendant in reliance on representations by defendant's salesmen and officers that other houses built in the neighborhood would be of like kind and quality according to a general scheme of development, but that the value of plaintiffs' homes decreased because defendant subsequently built houses of a substantially different character and lower value. Plaintiffs averred that defendant's actions were "false, misleading, and deceptive" within Section 17.46(a) of the Deceptive Trade Practices Act and were also "unconscionable" within Section 17.50(a)(3) of the Act.

Defendant's motion for summary judgment asserted that both of these sections of the Act apply only to misrepresentations made with intent to deceive and that such intent was conclusively negated by plaintiffs' own depositions, which are quoted in the motion. Plaintiffs filed no answer or other response. The trial court granted the motion, and plaintiffs contend here that the depositions raise only a fact issue concerning defendant's intent. Plaintiffs contend also that the record raises a fact issue of negligent representations, which is not negated by the motion for summary judgment. Defendant challenges our consideration of any of these issues on the ground that plaintiffs failed to point these out to the trial court by written answer or other response, as now required by Rule 166–A(c).

### 1. Consideration of Issues on Appeal

In this state of the record, we must first determine the effect of the 1978 amendment to Rule 166–A(c). Before that amendment, the party opposing a motion for summary judgment had no duty to respond to the motion or point out deficiencies in the summary-judgment proof. Without filing any response or even appearing at the hearing, the opposing party could raise on appeal the question of insufficiency of the summary-judgment proof to negate any material fact issue to be found in the record. *Swilley v. Hughes*, 488 S.W.2d 64, 67–68 (Tex.1972); *Habern v. Commonwealth Nat'l Bank*, 479 S.W.2d 99, 101 (Tex. Civ.App.—Dallas 1972, no writ). The opposing party could also present on appeal for the first time fact issues beyond the scope of the pleadings, but found by the appellate court to be raised by the summary-judgment proof. *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233, 237 (1956).

The evident purpose of the 1978 amendment was to preclude appellate consideration of questions not presented in the trial court. The pertinent provisions are found in the following two sentences of subdivision (c), in which we have emphasized the language added by the amendment:

The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, the motion shall be served at least twenty-one days before the time specified for the hearing. . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.*

 This amendment does not provide, as defendant would interpret it, that no issues shall be considered on appeal other than those presented to the trial court by the opposing party in his written answer or other response. It provides rather that only those issues shall be considered which were expressly set out *"in the motion"* or in the answer or other response. "The motion" necessarily means the motion for summary judgment, because the same phrase is so used earlier in the second sentence of subdivision (c). Consequently, we interpret the amendment to mean that an issue may be considered on appeal if it was presented to the trial court either by the moving party in his motion or by the opposing party in a written answer or other response, but not otherwise.

Our difficulty in interpreting the amendment arises from the circumstance that a movant never asserts in his motion for summary judgment that an issue of fact exists because the very purpose of the motion is to negate the existence of any such issue. Then how can the rule be taken as meaning that an "issue" may be presented in the motion?

 In our opinion the problem can be resolved only by interpreting "issue," as used in the amendment, as having a broader meaning than the phrase "genuine issue as to any material fact," used in that part of the original rule quoted above. It must necessarily include a ground of summary judgment asserted by the moving party, that is, an "issue" presented negatively by the moving party as well as one presented positively by the opposing party. This interpretation is in harmony with the first sentence of subdivision (c), which provides: "The motion for summary judgment shall state the specific grounds therefor." Consequently, we interpret the amended rule to mean that a summary judgment cannot be attacked on appeal on a question not presented to the trial court, either as a specific ground stated in the motion or as a fact issue presented by the opposing party in a written answer or other response. Accordingly, we hold that the opposing party, without filing an answer or other response, may raise for consideration on appeal the insufficiency of the summary-judgment proof to support the specific grounds stated in the motion, but that he may not, in the absence of such an answer or other response, raise any other "genuine issue of material fact" as a ground for reversal. In other words, the opposing party may challenge the grounds asserted by the movant, but he may not assert the existence of "issues" not presented to the trial court by either party.[1] Of course the only prudent course for the opposing party, in any summary-judgment case, is to file a response specifying the fact issues to be tried, so as to leave no uncertainty in this respect.

---

1. A difficulty may arise with respect to a motion that fails to state specific grounds in view of holdings that such a motion may be sufficient in the absence of exceptions. *Westchester Fire Ins. Co. v. Alvarez,* 576 S.W.2d 771 (Tex.1978). We need not determine how this difficulty should be resolved, but suggest that perhaps a motion in general terms allows the appellate court to consider any issue that would be negated by the general language asserted in the motion. Such an interpretation would encourage movants to comply with the requirement of specificity in Rule 166–A(c).

■ This interpretation, in our opinion, is in harmony with the evident purpose of the amendment to limit questions on appeal to those presented to the trial court. It would not, however, authorize the trial court to grant a summary judgment by default for lack of a response in a case where summary-judgment proof is obviously insufficient to support the motion. Certainly, the Supreme Court did not intend this drastic a change in the established policy of confining the function of summary judgment to elimination of patently unmeritorious claims and untenable defenses. *See Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

■ When this construction of the amendment is applied in the present case, it is clear that the motion for summary judgment did not attempt to negate the issue of negligent misrepresentation asserted in plaintiffs' brief on this appeal, and, since plaintiffs did not present it to the trial court by written answer or other response to the motion, it cannot be considered here as a ground of reversal. On the other hand, defendant's motion expressly undertook to negate any issue of intent to deceive. Consequently, we may consider plaintiffs' challenge to the sufficiency of the summary-judgment proof to negate a fact issue in that respect, and we now turn our attention to that challenge.

### 2. Defendant's Intent to Deceive

■ Defendant argues here, as it asserted in its motion for summary judgment, that plaintiffs have admitted in their respective depositions that defendant's salesmen and officers did not intend to deceive them, and, therefore, that no genuine issue exists with respect to any "false, misleading, or deceptive" act or practice within Section 17.46(a) or any "unconscionable conduct" within Section 17.50(a)(3) of the Deceptive Trade Practices Act.[2] We conclude that the depositions do not establish lack of such intent as a matter of law. Each of the plaintiffs testified, in response to questions by defendant's counsel, that they did not know what was in the minds of defendant's representatives. They testified further that they did not think, either at the time they bought their homes or at the time they testified, that defendant's salesmen and officers were attempting to deceive them concerning the understanding of those representatives of defendant's plans for developing the neighborhood. Plaintiffs were not qualified to testify concerning defendant's intent, since they could not know the state of mind of the persons with whom they dealt. *Taylor v. Lewis*, 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, no writ); *Medina v. Sherrod*, 391 S.W.2d 66, 69 (Tex. Civ.App.—San Antonio 1965, no writ); 2 C. McCormick and R. Ray, Texas Law of Evidence, § 1428 (2d ed. 1956). Testimony concerning the intent of another is at best an opinion, and is not admissible in evidence. *Graves v. Campbell*, 74 Tex. 576, 12 S.W. 238, 239–40 (1889). A party is not necessarily bound to a fact which he admits only by way of opinion. *De Winne v. Allen*, 154 Tex. 316, 277 S.W.2d 95, 99 (1955) (point of impact of collision); *Petit v. Klinke*, 152 Tex. 142, 254 S.W.2d 769, 772 (1953) (accuracy of scales); *McMath Co. v. Staten*, 42 S.W.2d 649, 652 (Tex.Civ.App.—El Paso 1931, writ dism'd) (speed of vehicle). As a general rule, the testimonial declaration of a party will not be given the force of a judicial admission and will not be held to bind him unless the statement is deliberate, clear, and unequivocal, and the hypothesis of a mistake is eliminated. *Tex-Wis Co. v. Johnson*, 534 S.W.2d 895, 901 (Tex.) (that party moved away from property claimed by adverse possession "about twenty or thirty years ago").

---

**2.** In support of the contention that intent to deceive is required by Sections 17.46(a) and 17.50(a)(3), defendant relies on our opinion in *Singleton v. Pennington*, 568 S.W.2d 367 (Tex. Civ.App.—Dallas 1977, writ filed). We assume for the purpose of this opinion that this contention is correct, since the summary judgment here cannot be supported if such intent is not required. Of course, further proceedings in this case will be governed by any decision of the Supreme Court on this question.

In the light of these authorities we hold that the supposed admissions by plaintiffs in their depositions do not negate a fact issue concerning defendant's intent to deceive them. So far as defendant's brief shows, other evidence may have been available tending to show that plaintiffs were mistaken concerning such intent. Consequently, the trial court erred in granting the motion for summary judgment.

### Judgment

For the reasons stated, plaintiffs' motion for rehearing is granted, our former opinion is withdrawn, the judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.