Dorothy Marshall WEHMEYER, Appellant,

v.

A. J. MARSHALL & SONS, a partnership, Appellee.

No. 1574.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 30, 1980.

Michael M. Fricke, Port Lavaca, for appellant.

Tom Garner, Jr., Rhodes, Garner & Roberts, Port Lavaca, for appellee.

## OPINION

YOUNG, Justice.

This appeal challenges the accounting procedures authorized in a summary judgment by the trial court in determining the profits of a partnership to be distributed to the capital accounts. The summary judgment of the trial court authorized the deduction of the partners' salaries and income and F.I.C.A. taxes from the gross profits of the partnership before distributing net profits to the capital accounts of the partners and their assignees.

Appellant, Dorothy M. Wehmeyer, received money in the form of a capital account in the appellee partnership, A. J. Marshall & Sons, as a gift from her mother, who was at the time a partner in the partnership. Appellant's mother later assigned to appellant a one–seventh interest in the partnership. None of those items are in dispute here. The mother was deceased at the time of trial.

Appellant brought an action for accounting and dissolution of the partnership in order to obtain her interest in the partnership. Appellee defendant also requested dissolution of the partnership and moved for a summary judgment authorizing distribution based on net profits. A partial summary judgment was granted in favor of the defendants which later was incorporated in the final judgment providing for distribution of the profits after deductions were made for the partners' salaries and taxes.

Appellant brings forward two points of error. Both points pertain to that portion of the summary judgment granted by the trial court which authorized a deduction of salaries and income and F.I.C.A. taxes from gross profits which of course reduced the appellant's capital account in the partnership. Appellant contends that there was no basis for support of such holding, therefore the summary judgment was improperly granted.

Appellee, in response, first argues that appellant improperly preserved her point on appeal under Rule 166–A(a), T.R.C.P., since she did not raise the issue in her motion in opposition to the summary judgment. Appellee then contends that proof was offered to support the summary judgment in appellee's motion for summary judgment and the accompanying exhibits.

First, this Court must consider appellee's contention that the appellant did not file an affidavit raising the issue of deduction of salaries in the motion in opposition. The nonmovant's burden in summary judgments was explicitly set out in the case of *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The nonmovant need not file a motion in opposition to the summary judgment "... to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment." *City of Houston v. Clear Creek Basin Authority*, supra at 678. See *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.–Dallas 1979, writ ref'd n. r. e.) with opinion, 596 S.W.2d 502.

In this appeal, appellant challenges that part of the summary judgment that fixed the profits to be credited to her capital account. Appellant need not file an answer in order to raise this point on appeal, for the issue of computing profits to be credited to the appellant's capital account in the partnership was raised in the defendant's (appellee's) motion for summary judgment:

> "That plaintiff has made an election in her Original Petition to seek recovery of her prorata share of the *net profits*, thus she is entitled to *receive 2.38% of the net profits of the partnership* from May 16,

1976, or in the event of a net loss, is subject to deduction at the same rate for the similar period." (Our emphasis.)

The trial court, in granting the partial summary judgment, decreed as a matter of law:

"(3) That Dorothy Marshall Wehmeyer is entitled to *receive 2.38% of the net operating profits*, from January 1, 1975, through December 7, 1978, *after deduction of gross salaries paid to or for the credit of the active working partners*, W. C. Marshall, Alfred Lamar Marshall, Earl B. Marshall, Norman L. Marshall, and Morris Askew." (Our emphasis.)

Therefore, such issue is properly before this Court on our review of the sufficiency of the proof offered to support the summary judgment.

The sole issue thus becomes whether the trial court properly granted the summary judgment. Some evidence must be before the Court to support the granting of the summary judgment in appellee's favor.

Evidence should have been presented to the trial court which supported the accounting procedure used in determining the capital accounts. The profits contributed to the capital account of appellant were debited by the salaries of the partners, their income taxes, and F.I.C.A. taxes. The appellant, who was merely an assignee of a prior partner and therefore was paid no salary, had her capital account reduced pro rata by the salaries and taxes of the other partners. She contends that there was no evidence to support *such an accounting of net profits.*

The only evidence of any agreement controlling distribution of the profits of the partnership is that found in the "General Partnership Agreement" which specifically states in Article V, 31: "Such salaries to partners shall not be treated as expenses of the partnership in determining net profits or net losses, *except by unanimous agreement.*" (Our emphasis.) There was no evidence before the trial court which proved that the partners did unanimously agree to treat salaries and taxes as expenses of the partners in determining net profits. The burden of proof was on the appellee to present some evidence of such an agree-

ment. Both of appellant's points of error are sustained.

The judgment of the trial court is reversed and the cause is remanded.