**ROSEDALE PARTNERS, LTD., as Successor–In–Interest to Victoria Savings Association, et al.**

v.

**RESOLUTION TRUST CORPORATION, as Receiver for Victoria Savings Association F.S.A.**

No. 13–93–211–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 25, 1994.

Rehearing Overruled Sept. 22, 1994.

Richard Jackson, Richard Jackson & Associates, Dallas, for appellant.

C. John Scheef, III, David & Goodman, Dallas, Randall A. Pulman, Brian L. Mims, Stumpf & Falgout, Houston, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

Rosedale Partners and Michael and Patricia Walters appeal the denial of their motions for summary judgment and the granting of summary judgment in favor of the Resolution Trust Corporation whereby the court determined that the RTC's nonjudicial foreclosure on a piece of property was valid. The court also issued a permanent injunction ordering that Rosedale refrain from any interference with the RTC's attempts to sell the property. We affirm the trial court's judgment.

This is a three-party lawsuit. in which all parties filed motions for summary judgments and responses to each summary judgment filed against them. Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tex. R.Civ.P. 166a(c). When both parties move for summary judgment, or, as in the case before us, all parties move for summary judgment, and one motion is granted and the others are denied, the appellate court considers all questions presented to the trial court, including whether the losing party's motion should have been overruled. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). Each party must carry its own burden as the movant and, in response to the other party's motion, as the nonmovant. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). To prevail, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.1993). When all parties move for summary judgment, this court has the authority to affirm the judgment, or reverse the trial court's judgment and render the judgment that the trial court should have rendered, or reverse and remand. *Members Mut. Ins. Co. v. Hermann Hosp.*, 664 S.W.2d 325, 328 (Tex.1984).

By six points of error, Rosedale complains that the RTC's nonjudicial foreclosure in December 1992 was ineffective and void because there had been an election of remedies in favor of a judicial sale in 1987; therefore, the nonjudicial power of sale in the deed of trust was abandoned or extinguished. Alternatively, Rosedale contends that the public record shows that procedurally the trustee's sale was not conducted in accordance with law and therefore was a nullity. Rosedale also contends that the trial court erred in grant-

·ing the injunction because as a matter of law there existed no grounds to support the injunction in favor of the RTC. Finally, Rosedale asserts that the trial court erred in denying its motion for summary judgment against the Walters.

By seven points of error, the Walters raise some of the same points as Rosedale in that they contend that the RTC's foreclosure sale was void as a matter of law because there had been an election of remedies in favor of a judicial sale, and thus the nonjudicial power of sale was abandoned or extinguished, and the attempted trustee's sale in December 1992 was a nullity because it was not conducted in accordance with the law. In addition to some of the similar points raised by Rosedale, the Walters contend that the trial court correctly denied Rosedale's summary judgment against the Walters, but that the trial court erred in denying the Walters' motion for continuance to conduct discovery relating to the foreclosure sale of another tract of land before holding this summary judgment hearing.

**Factual Background**

In April 1986, the Walters executed a promissory note payable to Victoria Savings Association. The note was secured by a deed of trust that gave Victoria Savings a security interest in the property. The deed was properly recorded in the Lavaca County deed records.

The Walters defaulted and Victoria Savings sued on the note. On February 3, 1987, the court signed a summary judgment in favor of Victoria Savings whereby the court ordered a judicial foreclosure, and in addition, declared the rights of Victoria Savings and its trustee to sell the property at a nonjudicial trustee's sale.

Subsequently, Victoria Savings and the Walters executed a forbearance agreement, whereby Victoria Savings agreed to forbear from foreclosing on the property. They then executed a renewal note, followed by another forbearance agreement.

In June 1989, Victoria Savings was declared insolvent, and the FSLIC succeeded to all of Victoria Savings' rights, and as receiver, transferred Victoria Savings' rights to Victoria Savings Association, F.S.A. In August 1989, the RTC was created and was appointed receiver for Victoria, F.S.A. As a result, the RTC became the owner and holder of the deeds of trust, the renewal notes, and the forbearance agreements. The parties executed and recorded a third forbearance agreement whereby the parties agreed that the bank would forebear until July 2, 1992, from exercising its rights to conduct a judicial or nonjudicial foreclosure sale of the property.

In May 1992, the RTC appointed Don Rainosek as substitute trustee. On November 5, 1992, the RTC posted the property for foreclosure. The RTC notified the Walters that the substitute trustee's sale was scheduled for December 1, 1992. The RTC timely filed the notices of sale with the county clerk in accordance with the deed of trust. On December 1, 1992, the substitute trustee's deed on the property executed by Rainosek transferred title to the RTC.

On January 13, 1993, as part of a larger package, the RTC sold, transferred and assigned its remaining rights, if any, under the 1987 judgment to Rosedale. The sale, expressly provided that the RTC "shall retain all right title and interest in and to all items of collateral which, prior to [January 11, 1993] may have been foreclosed upon or otherwise acquired by [the RTC] through enforcement of any Collateral Document or proceeding in lieu of such enforcement."

On or about February 16, 1993, the RTC entered into a contract for sale and purchase of the property with Victor Strynadka. The closing was to occur on March 16, 1993. On February 22, 1993, the Lavaca County clerk, at the request of Rosedale and others, issued a writ of execution on the 1987 judgment. On March 3, 1993, the Lavaca County sheriff issued a notice of sheriff's sale for the property setting the sale for April 6, 1993.

**Procedural Background**

On April 1, 1993, the RTC filed suit seeking to prohibit Rosedale from interfering with the RTC's attempts to sell the property to Strynadka. The RTC also sued for damages and requested that the trial court declare that 1) the RTC foreclosure was valid,

2) the RTC held title to the property in fee simple, and 3) any subordinate liens were extinguished by the foreclosure sale of December 1, 1992. On April 5, 1993, the court entered a temporary restraining order preventing Rosedale from proceeding with the sheriff's sale.

On April 7, 1993, Rosedale counterclaimed against the RTC alleging that the RTC had wrongfully foreclosed on the property and sought a declaratory judgment that Rosedale had the right to have the property sold at a sheriff's sale in satisfaction of the 1987 judgment.

On April 12, 1993, the Walters filed a cross-action against the RTC alleging that the RTC had wrongfully foreclosed on the property and that they owned the property in fee simple. The Walters sought a declaratory judgment that the 1987 judgment had been satisfied and extinguished by a novation. The Walters contended that after the 1987 judgment, they executed a new promissory note with Victoria Savings which operated as a novation and extinguished the judgment. Therefore, there was nothing upon which Rosedale could foreclose.

All three parties filed motions for summary judgment. The RTC subsequently objected to Rosedale's summary judgment evidence. On April 29, 1993, the court granted the RTC's motion for a partial summary judgment and denied Rosedale's and the Walters' motions. Specifically, the trial court 1) sustained RTC's objections to Rosedale's summary judgment evidence and struck its evidence; 2) declared that the RTC validly foreclosed on the property and that the substitute trustee's deed conveyed fee simple title to the RTC; 3) declared that any subordinate judgment liens were extinguished by the substitute trustee's sale; 4) permanently enjoined Rosedale from interfering with the RTC's attempts to sell the property; 5) denied Rosedale's and the Walters' motions for summary judgment; and 6) severed all other matters.

**Validity of December 1992 Foreclosure**

■ By point one, Rosedale and the Walters assert that the December 1992 foreclosure was void as a matter of law because the court in 1987 ordered a judicial foreclosure and therefore Victoria Savings had elected its remedy between judicial and non-judicial foreclosure. Rosedale and the Walters continue the argument in point two by asserting that the trial court in 1987 was without authority to provide alternative methods of conducting a foreclosure. They assert that once the trial court provided for a judicial foreclosure, the private power of sale was abandoned or extinguished. By point three, Rosedale and the Walters continue the argument by asserting that once a judicial foreclosure was sought and granted, the RTC was bound to have the judicial foreclosure conducted by the method provided by statute and by no other method. By point four, Rosedale and the Walters conclude this portion of their arguments by contending that the trial court erred by granting the permanent injunction in favor of the RTC. For clarity, we will address this fourth point of error at the end of the opinion.

The RTC responds that its nonjudicial power of sale was never extinguished or abandoned by an election of remedies. The RTC contends that Victoria Savings never elected the remedy of judicial foreclosure in the lawsuit underlying the 1987 judgment. The RTC asserts that because the Walters never raised the issue of election of remedies in the 1987 lawsuit, at that time they waived their right to claim that Victoria Savings elected the remedy of judicial foreclosure to the exclusion of its right to a nonjudicial foreclosure, and Rosedale and the Walters are barred from now claiming that an election occurred.

We set forth the relevant language in the 1987 summary judgment order:

IT IS ORDERED ADJUDGED AND DECREED:

\*      \*      \*      \*      \*      \*

5. That the clerk of this Court shall prepare and issue an order of sale to any sheriff or constable within the State of Texas, directing them to seize and sell the above-described property the same as if under execution and proceeds of such sale or sales shall be applied first to expenses of such sale and then toward the satisfaction of this judgment. The sheriff or other

officer executing the order of sale shall place the purchaser of the above-described property in possession within 30 days after the date of sale. The order of sale shall have all the force and effect of a writ of possession between the parties in this action and any person claiming under the Defendants by any right acquired pending this action; and

6. That if the property cannot be found or if the proceeds of the sale are insufficient to satisfy the judgment, the sheriff or constable shall take the money or any unpaid balance out of any other property of the Defendants, as in the case of ordinary executions; *and*

7. Further, the Court enters declaratory judgment declaring the rights of VICTORIA SAVINGS ASSOCIATION and ROBERT C. McKAY, as trustee under the deed of trust described above, to post and sell the above-described property at nonjudicial trustee's sale.

*   *   *   *   *   *

The RTC contends that by reviewing the pleadings underlying the 1987 judgment, Victoria Savings intended to retain its right to a nonjudicial foreclosure sale as provided in the deed of trust.

Victoria Savings, by its motion for summary judgment in 1987, requested the following:

> that [Victoria Savings] shall have a foreclosure of a lien on the following described property ...; and that an order of sale shall issue to any sheriff or constable within the State of Texas, to seize and sell the above-described property the same as under execution in satisfaction of this judgment, and direct the sheriff or other officer executing the order of sale to place the purchaser of the above-described property in possession within 30 days after the date of sale, which order of sale should have all the force and effect of a writ of possession between the parties in this action and any person claiming under the Defendants by any right acquired pending this action; and that if property cannot be found or if the proceeds of the sale are insufficient to satisfy the judgment, the sheriff or constable should take the money or any unpaid

balance out of any other property of the Defendants as in the case of ordinary executions; and that the Court enter declaratory judgment declaring the rights of Robert C. McKay, as trustee under that deed of trust described above, to post and sell the above described property at trustee's sale.

When Victoria Savings filed suit in 1987, it only sought to recover on the note. The RTC asserts that Victoria Savings brought suit in 1987 to establish the amount due and owing under the note because there had been several forbearance agreements executed since making the original note. By Victoria Savings' motion for summary judgment in 1987, it asked the court that it have and recover the sum of money due and owing under the note and the attached documents and for both the remedy of judicial *and* of nonjudicial foreclosure. In 1987, the Walters did not respond to Victoria Savings' motion for summary judgment. Because the Walters failed to raise the election of remedies doctrine in response to Victoria Savings' motion for summary judgment in the 1987 lawsuit, the RTC asserts that Rosedale cannot now assert the doctrine.

Also, the RTC directs our attention to a Motion For Leave of Court For Expedited Hearing on Plaintiff's Motion For Summary Judgment Victoria Savings filed after its motion for summary judgment in 1987. By this motion, Victoria Savings asked for an expedited hearing on their summary judgment motion because proceedings for a nonjudicial foreclosure sale had begun and a trustee sale date was set for February 3, 1987, and Victoria Savings did not want the summary judgment hearing to occur after the foreclosure sale. The RTC argues that the language in this motion shows specifically that Victoria Savings did not intend to extinguish or abandon its private power of sale by its motion for summary judgment. The court granted the motion for an expedited hearing and ruled on the summary judgment motion on February 2, 1987.

Rosedale and the Walters' arguments that an election of remedies was made depends on their interpretation that, by Victoria Savings'

motion for summary judgment in 1987, Victoria Savings solely was requesting a judicial foreclosure. We do not agree with this interpretation. In reading the underlying pleadings and the resulting 1987 judgment, we find no indication that Victoria Savings intended to elect a judicial foreclosure proceeding over a nonjudicial proceeding. Victoria Savings, by its 1987 motion for summary judgment and the resulting judgment, was seeking a judgment addressing the sum of money owed to them by the Walters under the note and the forbearance agreements. There is no indication that Victoria Savings intended to limit its method of foreclosure to a judicial proceeding. We interpret Victoria Savings' intent as seeking to preserve its ability to choose either method of foreclosure.

The RTC also argues that the doctrine of res judicata applies in this case to bar the relitigation of Victoria Savings', or its successors', right to conduct a nonjudicial foreclosure. Res judicata exists to prevent the relitigation of the same issues.

> A cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.

*Texas Water Rights Comm'n v. Crow Iron Works,* 582 S.W.2d 768, 770–771 (Tex.1979). The RTC argues that since it and Rosedale are in privity, by virtue of both being successors in interest to Victoria Savings, res judicata bars the relitigation of whether there is a right to conduct a nonjudicial foreclosure sale.

We conclude that res judicata applies to prevent the relitigation of the issue that Victoria Savings had the right to pursue a nonjudicial foreclosure. In reviewing the elements of res judicata we note that the issue of Victoria Savings' right to a nonjudicial foreclosure was determined by a competent tribunal, on the merits, without an appeal. Secondly, the parties in the present litigation are in privity with the parties in the first litigation since both are successors in interest to Victoria Savings. The RTC is a successor in interest by virtue of the receivership of Victoria Savings and Rosedale became a successor in interest by virtue of its purchase of the 1987 judgment. Finally, res judicata requires that if the claim in issue in the second litigation was actually litigated in the first proceeding, that claim cannot be relitigated in a subsequent action. *See Texas Water Rights Comm'n,* 582 S.W.2d at 770–71. A claim will actually be litigated when it is raised by the pleadings, submitted for determination, and is actually determined. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 384 (Tex.1985).

The issue of Victoria Savings' *right* to a nonjudicial foreclosure was requested by its motion for summary judgment asking for declaratory relief and determined by the court's order on the summary judgment motion in 1987. Therefore, the doctrine of res judicata prevents Rosedale and the Walters from relitigating the issue of whether the RTC had the *right* to nonjudicially foreclose on the property. We overrule Rosedale's and the Walters' points one, two, and three.

### Irregularities in Substitute Trustee's Deed of Trust

By point five, Rosedale and the Walters assert that the attempted substitute trustee's sale in December 1992 was not conducted in accordance with the law and was therefore a nullity. Rosedale and the Walters contend that the substitute trustee's deed recorded in the public record reflects errors in the foreclosure process. Specifically, Rosedale asserts that no valid sale occurred because the notice of sale was not timely and fatally defective. Additionally, Rosedale and the Walters assert on appeal that the substitute trustee's deed of trust recites that the foreclosure sale was conducted pursuant to a referenced deed of trust, but, the reference recited is incorrect. Rosedale therefore contends any attempted sale was defective on its face.

RTC responds that the errors on the trustee's deed were in the recital paragraphs only and were not necessary to render the deed valid and were not necessary to describe the property. Additionally, RTC asserts that the incorrect date of notice was based upon an affidavit attached to the substitute trustee's deed which actually stated the correct date. The RTC contends that the actual notice of sale and the affidavit of mailing contained in the record reflects that the notice given was timely. Additionally, the RTC asserts that because the property is adequately described for identification the recording error in the deed does not render the sale invalid.

■ Recitals in a trustee's deed are prima facie evidence that the terms of the trust were fulfilled, and give rise to a rebuttable presumption of validity relating to matters of evidence. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983).

As we review the motions for summary judgment and the responses, none of the motions, answers, or responses filed show that this issue was presented to the trial court for its consideration when ruling on the motions for summary judgment. The only time the issue of a flawed foreclosure sale due to errors in the recorded substitute trustee's deed is raised is in a pleading titled "Michael N. Walters and Patricia L. Walters Original Cross–Action" against the RTC. By this pleading, the Walters contended that the public records reflect that the RTC wrongfully foreclosed by not complying with the foreclosure laws. This cross-action pleading by the Walters does not include any allegation against Rosedale.

■ Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered at the appellate level, either as grounds for reversal or as other grounds in support of a summary judgment. Tex.R.Civ.P. 166a(c); *McConnell v. Southside Indep. School Dist.,* 858 S.W.2d 337, 339 (Tex.1993); *Aparicio v. Morgan,* 868 S.W.2d 16, 18 (Tex.App.—Corpus Christi 1993, no writ); *Dickey v. Jansen,* 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Combs v. Fantastic Homes,* 584 S.W.2d 340, 343 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Likewise, issues a

nonmovant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence. *McConnell,* 858 S.W.2d at 341. Appellate courts are precluded from considering questions not presented to the trial court. *Combs,* 584 S.W.2d at 342. Only those issues expressly set forth in the motion or in the answer or response shall be considered by the appellate court. *Id.* at 343. The summary judgment must fall or stand on the grounds expressly alleged in the motion. *McConnell,* 858 S.W.2d 337, 340. We overrule the Walters' and Rosedale's points of error five.

### Denial of Rosedale's Summary Judgment Motion Against Walters

By its sixth point of error, Rosedale contends that the trial court erred in denying its motion for summary judgment against the Walters. The only reference in Rosedale's motion for summary judgment relating to the Walters was its request that any restraining order or injunction in favor of the Walters be dissolved. In the Walters' response to Rosedale's motion for summary judgment asserted against them, the Walters claimed that because of novation, Rosedale was not entitled to foreclose on the property.

Having already determined that the foreclosure by the RTC was valid, and that Rosedale has no right to foreclose, the trial court did not err by denying summary judgment to Rosedale as relates to the Walters. We overrule Rosedale's point six.

### Walters' Request for Continuance Denied

■ The Walters, by their seventh point of error, assert that the trial court erred by denying their motion for continuance to conduct more discovery before holding the summary judgment hearing. The Walters requested a continuance in their pleading titled "Response to RTC's Motion for Summary Judgment and Motion for Continuance." The Walters requested a continuance so that they could conduct discovery related to the foreclosures of the subject property and an-

**630**

other tract of property. They further stated that they were requesting the continuance because the case had only been on file for twenty-three days and in the interest of justice the court should grant its request for a continuance. No affidavit was attached.

Texas Rules of Civil Procedure 166a(g), 251, and 252, set forth the requirements of a motion for continuance. Rule 251 specifically provides that the motion must be supported by affidavit. Rule 166a(g), which directly addresses summary judgment continuances, states as follows:

> Should it appear from *the affidavits* of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Tex.R.Civ.P. 166a(g) (emphasis added).

▬▬▬ To grant or deny a continuance is within the trial court's discretion. *Larson v. H.E. Butt Grocery Co.*, 769 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1989, writ denied) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986)). Generally, a court is presumed to have correctly exercised its discretion when it denies a motion that does not comply with the rules governing continuances. *Id.*

The Walters' motion for continuance does not comply with the Texas Rules of Civil Procedure. No continuance shall be granted except for sufficient cause supported by affidavit, or by the consent of the parties, or by operation of law. Tex.R.Civ.P. 251. There was no agreement by the parties to a continuance, there was no basis to grant the continuance based upon the operation of law, and there was no affidavit attached to the Walters' motion. We find no abuse of discretion in the trial court's failure to grant the Walters' request for a continuance. We overrule the Walters' point seven.

▬▬ By point four, Rosedale and the Walters assert that as a matter of law the trial court should have denied the RTC's request for a permanent injunction. Specifically, Rosedale and the Walters assert that

the RTC's motion for summary judgment it raised four legal bases for its requested injunction. Rosedale and the Walters contend that all four of these bases were improper to support the court's granting of the permanent injunction. Among the four bases for the injunction request was the RTC's assertion that its December 1992 foreclosure sale was valid. Rosedale and the Walters contend that because the RTC's December 1992 sale was invalid the trial court improperly granted a permanent injunction against them.

Because we have concluded that the trial court properly determined that the RTC's December 1992 foreclosure was valid, the court's granting of RTC's request for a permanent injunction to keep Rosedale and the Walters from proceeding with a sheriff's sale or interfering with the RTC's sale of the property to Mr. Strynadka was not erroneous. We overrule Rosedale's and the Walters' fourth points of error.

The trial court properly granted the RTC's motion for summary judgment and did not err by granting the RTC's request for a permanent injunction. We affirm the trial court's judgment.