**ROSEDALE PARTNERS, LTD., Appellant,**

v.

**Michael M. WALTERS and Patricia L. Walters, Appellees.**

**No. 13–94–232–CV.**

Court of Appeals of Texas, Corpus Christi.

June 29, 1995.

Richard Jackson, Richard Jackson & Associates, Dallas, Macklin K. Johnson, Hallettsville, for appellant.

Randall A. Pulman, Brian L. Mims, Stumpf & Falgout, Houston, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal from a summary judgment. In the court below, Rosedale Partners, Ltd. sought to enforce a 1987 judgment against Michael and Patricia Walters. The Walterses claimed the affirmative defense of novation and moved for summary judgment. The trial court granted the summary judgment and severed this case from the remaining claims. By three points of error, Rosedale Partners contends that the trial court erred in granting the motion for summary judgment. By one cross-point, the Walterses contend that the trial court erred in denying their request for attorney's fees. We affirm the summary judgment.

### Background

In 1986, Michael and Patricia Walters executed a deed of trust over certain realty to secure a promissory note payable to Victoria

Savings Association. The Walterses defaulted on the note in 1987, and Victoria Savings obtained a judgment entitling it to foreclose on the realty. This judgment was never enforced, however, because the Walterses and Victoria Savings entered into a series of two forbearance agreements. In 1989, Victoria Savings was declared insolvent, and the Resolution Trust Corporation (RTC) obtained all of Victoria Savings' rights under the 1987 judgment and the forbearance agreements.

The RTC and the Walterses subsequently entered into another forbearance agreement. In this third agreement, the RTC agreed not to foreclose on the mortgaged property until the summer of 1992. The RTC finally foreclosed on the Walterses' realty during the winter of 1992.

In 1993, Rosedale Partners purchased whatever rights the RTC had, if any, in several unenforced judgments. The 1987 judgment against the Walterses was part of this package of unenforced judgments. This appeal arises from a multi-party suit in which Rosedale Partners sought 1) to set aside the RTC's 1992 foreclosure on the property and 2) to enforce the 1987 judgment against the Walterses. We affirmed the trial court's summary judgment declaring the validity of the RTC's foreclosure in *Rosedale Partners, Ltd. v. Resolution Trust Corp.*, 882 S.W.2d 622 (Tex.App.—Corpus Christi 1994, writ denied) (hereafter referred to as *Rosedale I* ). We now address the Rosedale Partners' suit to enforce the 1987 judgment against the Walterses and the Walterses' affirmative defense of novation.

### Res Judicata

■ By its first point of error, Rosedale Partners contends that the novation issue was fully litigated and actually determined in *Rosedale I*. Rosedale Partners argues that the doctrine of *res judicata* precludes the summary judgment under review. We disagree.

■ As we discussed in *Rosedale I*, the doctrine of *res judicata* prevents the relitigation of certain claims when those claims were actually determined in an earlier pro-

ceeding. *Id.* at 628 (citing *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985) and *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 770–71 (Tex.1979)). The instant case is not a relitigation of *Rosedale I*. *Rosedale I* concerned a different issue that was resolved by summary judgment and severed from this very case. We overrule Rosedale Partners' first point of error.

### Summary Judgment on the Affirmative Defense of Novation

■ By its second and third points of error, Rosedale Partners contends that issues of material fact preclude summary judgment.

Rosedale Partners sued Michael and Patricia Walters to enforce the 1987 judgment. The Walterses filed a motion for summary judgment asserting that the affirmative defense of novation barred Rosedale Partners' suit as a matter of law.

The proper inquiry on appeal is whether a defendant, in seeking summary judgment, fulfilled his initial burden to conclusively prove all elements of his affirmative defense to the plaintiff's cause of action as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon*, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.*

■ To be entitled to summary judgment on the basis of the affirmative defense of novation, a movant must conclusively prove the following elements: 1) the validity of a previous obligation, 2) an agreement among all parties to accept a new contract, 3) the extinguishment of the previous obligation, and 4) the validity of the new agreement. *See Flanagan v. Martin*, 880 S.W.2d 863, 867 (Tex.App.—Waco 1994, writ dism'd w.o.j.); *Talamas v. Bressi Int'l*, 727 S.W.2d 72, 74 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). Once a movant establishes an

affirmative defense which would bar the suit as a matter of law, the non-movant must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied).

Rosedale Partners does not contest the Walterses' summary judgment evidence that the 1987 judgment was valid. Thus, the first element of the affirmative defense of novation was established as a matter of law.

■ The Walterses' summary judgment evidence included the sworn affidavit of Michael Walters. The affidavit provided proof regarding an agreement with Victoria Savings to accept a new contract. This portion of Michael Walters' affidavit is positive, direct, credible, internally consistent, and readily controvertible. *See* TEX.R.CIV.P. 166a(c) (discussing conditions under which an interested party's affidavit will support a motion for summary judgment). Moreover, this portion of Michael Walters' affidavit is uncontroverted. Thus, the second element of the affirmative defense of novation was established as a matter of law.

■ Rosedale Partners contends that the subsequent agreements between the Walterses and Victoria Savings, and later the Walterses and the RTC, did not extinguish the 1987 judgment. After reviewing the forbearance agreements, we note that none of the agreements expressly extinguish the obligation represented by the 1987 judgment. We note, however, that the agreements explicitly refer to both the 1987 judgment and the property that is the subject of the 1987 judgment. The forbearance agreements provide that Victoria Savings, and later the RTC, would not foreclose on the property if the Walterses continued to make payments on a new note which was executed after the 1987 judgment.

Significantly, the post-judgment promissory note executed by the Walterses is partially secured by liens on the same property that is the subject of the 1987 judgment. Moreover, the original principal amount of the new note specifically "represents the unpaid,

outstanding amount owed Lender under the Judgment" plus other amounts.

Once the Walterses defaulted, the effect on the mortgaged property was the same. It made no difference whether Victoria Savings or the RTC enforced their rights under the forbearance agreements or under the 1987 judgment. In either event, Victoria Savings and the RTC could foreclose on the property. As a result, the right to foreclose under the forbearance agreements is redundant of the right to foreclose under the 1987 judgment. Accordingly, the obligation under the forbearance agreements extinguished the obligation under the 1987 judgment because the two obligations cannot coexist. *Scalise v. McCallum,* 700 S.W.2d 682, 684 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Thus, the third element of the affirmative defense of novation was established as a matter of law.

■ Finally, Rosedale Partners contends that the forbearance agreements are invalid because the supporting consideration merely requires the Walterses to make payments that they were already obliged to make. We do not agree. The new note and forbearance agreements required the Walterses to pledge security in addition to the property that was the subject of the 1987 judgment. Thus, the fourth element of the affirmative defense of novation was established as a matter of law.

The record does not contain any summary judgment proof raising a fact issue in avoidance of the affirmative defense of novation. We overrule Rosedale Partners' second and third points of error.

*Summary Judgment on the Issue of Attorney's Fees*

■ By a single cross-point of error, the Walterses complain that the trial court abused its discretion by refusing to grant the portion of their motion for summary judgment requesting attorney's fees. The record reflects that the Walterses did not prove either the amount of reasonable and necessary attorney's fees or that they are justly entitled to attorney's fees. Under these circumstances, the Walterses have failed to clearly show that the trial court abused its discretion by refusing to award them their

attorney's fees. *Oake v. Collin County,* 692 S.W.2d 454, 455–56 (Tex.1985); *Texstar N. Am. v. Ladd Petroleum,* 809 S.W.2d 672, 679 (Tex.App.—Corpus Christi 1991, writ denied). Accordingly, we overrule the Walterses' sole cross-point of error.

We affirm the trial court's summary judgment.