NUMBER 13-03-00013-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

ALFREDO MIGUEL COUTURIER,

JORGE MIGUEL COUTURIER, AND

JORGE MIGUEL BOJALIL,                                                            Appellants,

 

                                                             v.

 

TEXAS STATE BANK,                                                                       Appellee.

 

     On appeal from the 93rd District Court of Hidalgo County,
Texas.

 

                       MEMORANDUM OPINION

 

                Before Justices Hinojosa, Yañez,
and Castillo

                         Memorandum
Opinion by Justice Hinojosa

 








Appellee, Texas State Bank (ATSB@), brought suit against appellants, Alfredo
Miguel Couturier, Jorge Miguel Couturier, and Jorge Miguel Bojalil, to collect
on three promissory notes and corresponding guaranties.  The parties settled one note and
corresponding guaranty, and TSB filed a motion for summary judgment for the two
remaining notes and corresponding guaranties. 
The trial court granted the motion, and this appeal ensued.  In three issues, appellants contend the trial
court erred in granting TSB=s motion for summary judgment and in denying
their motion for continuance of the summary judgment hearing.  We affirm.

Because the issues of law presented by this case are well settled and the
parties are familiar with the facts, we will not recite the law and facts in
this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 

A.  Sufficiency of the Evidence

In their first issue, appellants contend
there is insufficient evidence to support the trial court=s order granting TSB=s traditional motion for summary
judgment.  Specifically, appellants
assert that TSB failed to (1) establish that it is the holder and owner of the
notes, and (2) provide the court with a copy of the notes in an appropriate
form. 

The standard of review for a traditional
motion for summary judgment  is well
settled.  See Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Alejandro v.
Bell, 84 S.W.3d 383, 390 (Tex. App.BCorpus Christi 2002, no pet.). 








To collect on a promissory note, the holder
or payee need only establish that (1) there is a note, (2) it is the legal
owner and holder of the note, (3) the defendant is the maker of the note, and
(4) a certain balance is due and owing on the note.  See Blankenship v. Robins, 899 S.W.2d
236, 238 (Tex. App.BHouston [14th Dist.] 1994, no writ); Resolution
Trust Corp. v. Thurlow, 820 S.W.2d 51, 52 (Tex. App.BSan Antonio 1991, no writ).  Thus, TSB was required to prove by summary
judgment evidence that it is the present legal owner and holder of the note
sued upon.  See Blankenship, 899
S.W.2d at 238; Schindler v. AG Aero Distrib., Inc., 502 S.W.2d 581, 585
(Tex. Civ. App.BCorpus Christi 1973, no writ).

In support of its motion for summary judgment,
TSB attached the following summary judgment evidence: (1) a business-records
affidavit from TSB Executive Vice-President Robert Norman; (2) copies of the
promissory notes at issue; and (3) copies of their corresponding guaranties.  In the affidavit, Norman states that the
notes and guaranties evidenced by the copies attached are Anow held by [TSB].@  

The promissory notes show that appellants
signed one note with First State Bank & Trust (AFSB@) and the second note with Border Bank (ABB@).  In
the affidavit, Norman states that through merger, TSB succeeded to all rights,
title, and interest of both FSB and BB. 
Appellants argue that TSB was required to present proof that FSB and BB
transferred the notes to TSB.  However,
when a merger takes effect, all rights, title, and interest to all property
vests in the surviving entity Awithout further act or deed, and without any
transfer or assignment having occurred.@  Tex. Bus. Corp. Act Ann. art. 5.06 ' A(2) (Vernon Supp. 2004-05).  Appellants do not challenge the statements in
Norman=s affidavit regarding the merger, nor do
they present any controverting evidence. 
We conclude that the summary judgment evidence is sufficient to show
that title vested in TSB and no additional evidence is necessary.








Furthermore, the summary judgment evidence
is sufficient to establish that TSB is the legal owner and holder of the
notes.  See Tex. Nat=l Corp. v. United Sys. Int=l, Inc., 493 S.W.2d 738, 741 (Tex. 1973); Tex.
R. Civ. P. 166a(f); see also Williams v. Bank One, N.A., 15
S.W.3d 110, 112 (Tex. App.BWaco 1999, no pet.) (noting that Bank One
sufficiently proved up note by attaching business‑records affidavit with
copy of note appended); Batis v. Taylor Made Fats, Inc., 626 S.W.2d 605,
607 (Tex. App.BFort Worth 1981, writ ref=d n.r.e.) (finding affidavit of custodian of
business records sufficient summary judgment evidence).

Accordingly, we conclude that the summary
judgment evidence presented by TSB is sufficient as a matter of law to
establish TSB=s right to collect on the promissory notes.
Appellants= first issue is overruled.  

B.  Affirmative Defense

In their second issue, appellants complain
that the trial court erred in granting TSB=s motion for summary judgment because their
affirmative defense of limitations was properly before the court and sufficient
to create a fact issue.  Appellants
assert they raised their limitations defense in their First Amended Answer,
which was offered for filing on October 10, 2002, the date of the summary
judgment hearing. 

A summary judgment proceeding is a trial
within the meaning of rule 63 of the Texas Rules of Civil Procedure.  See Tex.
R. Civ. P. 63; Goswami v. Metro. Sav. & Loan Ass=n, 751 S.W.2d 487, 490 (Tex. 1988). 
Limitations is an affirmative defense that must be specifically pleaded,
or it is waived.  Tex. R. Civ. P. 94; Land Title Co.
v. F. M. Stigler, Inc., 609 S.W.2d 754, 756 (Tex. 1980); Wun‑Yi
Tsai v. Wells, 725 S.W.2d 271, 275 (Tex. App.BCorpus Christi 1986, no writ).








TSB argues that appellants= limitations defense was not properly before
the court because appellants did not seek leave to file their amended answer
within seven days of the hearing, and the trial court did not consider it.  See Tex.
R. Civ. P. 63; Domizio v. Progressive County Mut. Ins. Co., 54
S.W.3d 867, 876 (Tex. App.BAustin 2001, pet. denied) (determining that
where trial court did not consider amended pleading and leave to file was not
requested, amended pleading was not timely filed and appellate court would not
conclude that leave should have been granted); Guereque v. Thompson, 953
S.W.2d 458, 463-64 (Tex. App.BEl Paso 1997, pet. denied) (same); cf.
Goswami, 751 S.W.2d at 490 (holding that where record Ais silent of any basis to conclude that the
amended petition was not considered by the trial court . . . leave of court is
presumed.@).

Assuming, without deciding, that appellants= affirmative defense was properly before the
trial court, we conclude that it is nevertheless insufficient to defeat TSB=s motion for summary judgment.  Where, as here, a movant has presented
evidence sufficient to establish his right to summary judgment as a matter of
law, a non-movant must present enough evidence to create an issue of fact in
regard to his affirmative defense in order to defeat that summary
judgment.  Nichols v. Smith, 507
S.W.2d 518, 520 (Tex. 1974); Herschbach v. City of Corpus Christi, 883
S.W.2d 720, 728 (Tex. App.BCorpus Christi 1994, writ denied). 








Appellants= amended answer stated, A[e]ven if the Plaintiff proves the
allegations in its petition, the Defendants are not liable to the Plaintiff
because . . . Plaintiff=s claims are barred by the Statute of
Limitations.@ 
Appellants did not allege any facts in support of their defense, nor did
they present any evidence or affidavits. 
A[T]he pleading of an affirmative defense
will not, in itself, defeat a motion for summary judgment by a plaintiff whose
proof conclusively establishes his right to an instructed verdict if no proof
were offered by his adversary in a conventional trial on the merits.@  Nichols,
507 S.W.2d at 520.  A pleading does not
constitute summary judgment proof.  Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979) (citing Hidalgo
v. Sur. Sav. & Loan Ass'n., 462 S.W.2d 540 (Tex. 1971)). 

            Because appellants did no more than
allege the affirmative defense of limitations in their answer,[1]
we conclude that appellants did not raise a fact issue to defeat TSB=s motion for summary judgment.  Appellants= second issue is overruled.  

C.  Motion for Continuance 








In their third issue, appellants contend the
trial court erred in denying their motion for continuance.  A trial court may grant a continuance of a
summary judgment hearing to allow the party opposing the motion more time to
conduct discovery when it appears from the affidavits that Ahe cannot for reasons stated present by
affidavit facts essential to justify his opposition.@  Tex. R. Civ. P. 166a(g); Carpenter
v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 685 (Tex. 2002).  The decision to grant or deny a motion for
continuance rests within the sound discretion of the trial court, and we will
not disturb that decision on appeal unless the record discloses a clear abuse
of discretion.  State v. Wood Oil
Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988) (citing Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986)); Clemons v. Citizens Med. Ctr.,
54 S.W.3d 463, 468-69 (Tex. App.BCorpus Christi 2001, no pet.). 

To request a continuance, a party must file
either a verified motion or an affidavit explaining the need for further
discovery.  Tenneco Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996).  No motion for continuance shall be granted Aexcept for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law.@  Tex. R. Civ. P. 251; Rosedale
Partners, Ltd. v. Resolution Trust Corp., 882 S.W.2d 622, 630 (Tex. App.BCorpus Christi 1994, writ denied).   AGenerally, a court is presumed to have
correctly exercised its discretion when it denies a motion that does not comply
with the rules governing continuances.@  Rosedale
Partners, 882 S.W.2d at 630. 

In this case, the parties did not consent to
a continuance nor was there any basis under operation of law.  Appellants filed a motion for continuance on
October 1, 2002, asserting that they had Anot had an opportunity to engage adequate
discovery to determine the facts surrounding [TSB=s] claims and to evaluate the merit of those
claims and assert proper defenses.@ 
Appellant=s counsel signed a verification which
stated:  Athe facts set out in the foregoing Motion
for Continuance are true and correct to the best of my information and belief.@








AAn affidavit which does not positively and
unqualifiedly represent the facts as disclosed in the affidavit to be true and
within the affiant's personal knowledge is legally insufficient.@  Humphreys
v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994) (citing Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984)); see also N. P. Davis &
Co. v. Campbell & Clough, 35 Tex. 779, 781 (1872) (affidavits must be
made to actual knowledge of the facts, Anot to the best of the knowledge and belief@ of the affiant); Caperton v. Wanslow,
18 Tex. 125, 133 (1856) (finding affidavit based on Ainformation and belief of the party@ manifestly insufficient).

We conclude that the verification based upon
appellants= counsel=s Ainformation and belief@ is insufficient to support the motion for
continuance.  See Hawthorne v.
Guenther, 917 S.W.2d 924, 929‑30 (Tex. App.BBeaumont 1996, writ denied) (finding
verification based upon "knowledge and belief" rather than upon
personal knowledge insufficient to support motion for continuance); Bray v.
Miller, 397 S.W.2d 103, 106 (Tex. Civ. App.BDallas 1965, no writ) (finding statement
made on information and belief does not constitute affidavit that will support
motion for continuance).

Because appellants= motion for continuance does not comply with
the requirements established for seeking a continuance, see Tex. R. Civ. P. 166a(g) and Tenneco,
925 S.W.2d at 647, we conclude the trial court did not abuse its discretion in
denying the motion.  Appellants= third issue is overruled.  

The trial court=s order granting appellee=s motion for summary judgment is
affirmed.  

 

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1]
On appeal, appellants
assert the trial court had before it all the facts necessary to support their
defense of limitations because the court took judicial notice of the court
file, including the docket sheet.  However,
A[a] docket entry forms no
part of the record which may be considered; it is a memorandum made for the
trial court and clerk's convenience.@  Aguirre
v. Phillips Props., 111 S.W.3d 328, 333 (Tex. App.BCorpus Christi 2003, pet.
denied).  While docket entries may be
used to supply facts in certain situations to correct clerical errors in
judgments or orders, they Aremain inherently
unreliable because they lack the formality of orders and judgments.@  Energo Int=l Corp. v. Modern Indus.
Heating, Inc., 722 S.W.2d 149, 151 n.2 (Tex. App.BDallas 1986, no writ) (discussing N‑S‑W
Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977)); see generally Guyot v.
Guyot, 3 S.W.3d 243, 246-48 (Tex. App.BFort Worth 1999, no pet.); cf. Ross v. Arkwright
Mut. Ins. Co., 892 S.W.2d 119, 129 (Tex. App.BDallas 1994, no writ)
(holding that properly authenticated docket sheets served with affidavits were
proper summary judgment proof where affidavits relied in part on the docket
sheets to show that no extraordinary writs or other process had been issued,
and the affidavits also contained statements based on affiant=s involvement in and
personal knowledge of the suit).